## Chicago General Ry. Co. v. Margaret Carroll, Adm'x.

1. STREET CARS—*No Right of Way to the Exclusion of Others.*—Neither a street car nor the public have a right to a street intersection to the exclusion of the other. Their rights are reciprocal and each must respect those of the other.

2. SAME—*Rights of Persons Using the Streets.*—A driver of a wagon upon a public street approaching a street car track intersection, who sees an electric car approaching him about 230 feet away, has a right to rely upon the duty resting upon the motorman to so manage and control his car as to avoid a collision and not to subject him to unnecessary danger.

3. LIMITATIONS—*Amended Counts.*—Amended counts which do not present a new cause of action, are not amenable to a plea of the statute of limitations.

Trespass on the Case.—Death from negligence.  Appeal from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed.  Opinion filed October 10, 1900.

Glenn E. Plumb, attorney for appellant.

King & Gross, attorneys for appellee; Andrew J. Hirschl, of counsel.

Mr. Presiding Justice Shepard delivered the opinion of the court.

This suit was brought by appellee to recover damages for the wrongful killing of her intestate.   The case was heard by the court without a jury and a judgment for $5,000 was rendered.   There is no substantial dispute over the facts.

The question reviewable under the propositions of law that were submitted by the appellant to be held by the court, and were refused, is whether the deceased was guilty of contributory negligence, or not.   The court found, as a fact, that he was not, and this upon evidence that was substantially not disputed.

The deceased was a grocer and was driving a covered delivery wagon north on Lincoln street which intersects Twenty-second street at right angles.   The horse was walking.   As the horse and wagon entered upon Twenty-second street the deceased was seen to lean forward and look in both directions.   At that time the electric car in question was approaching from the east on Twenty-second street.   There was nothing in the way to prevent deceased from seeing the car, which was approaching at the rate of seven or eight miles an hour.

At that time the car was at a distance of about 200 feet from the east line of Lincoln street, and the wagon was in about or a little west of the middle line of Lincoln street. Assuming that Lincoln street was four rods wide, the car, at the time deceased looked, was about 233 feet away, and deceased was about thirty-five feet from the track on which the car was running.   The deceased drove along

without any change in the speed of his horse, and just as the horse had crossed the track the collision occurred, the car striking the front wheel, and continuing to proceed to or across the west cross-walk.

It was shown in evidence that a car running at the rate of seven or eight miles an hour could be stopped in a distance of fifty feet with the appliances in use, and that at the time the horse first got upon the track to cross it the car was about fifty feet distant.

Was the deceased under such circumstances in the exercise of ordinary prudence for his own safety? We think he was. At the time he looked from under the cover of his wagon he had already entered upon the pavement of Twenty-second street and was within thirty-five feet of the track on which the car was running, and the car was at least 200 feet away, and when his horse stepped upon the track itself, the car was at least fifty feet from him. There is no evidence of any diminution in the speed of the car between the two points. Neither the street car nor the public have a right to a street intersection to the exclusion of the other from it. The rights are reciprocal and each must respect those of the other.

It was testified that at the time the deceased looked and, presumably, saw the car, there was nothing to prevent the motorman from seeing the horse and wagon. All the witnesses who testified on the subject, say the horse and wagon was unmistakably pointed in the direction of crossing the track and that it would reach the track before the car would was likely, considering the short distance it was away from it. Under such circumstances, the deceased had the right to rely upon the duty that rested upon the motorman to so manage and control his car as to avoid a collision, and not subject the deceased, who was there in equal right, to unnecessary danger. So relying was in no just legal sense contributing to the accident that ensued, and the fact found by the trial judge, sitting in the place of a jury, that he did not so contribute, ought not to be disturbed.

The negligence of the appellant is established by the

same facts that made the lack of negligence by the deceased a question of fact, and was found in favor of appellee. We do not regard the question of negligence by appellant as properly presented for review by us, and therefore do not discuss it, although we may say that we observe nothing in the record that would cause us to differ in conclusion from the trial judge in respect thereof.

If the question that is argued by appellant in regard to the statute of limitations, because of the amended declaration, is properly presented by the record so as to be subject to review, we need only say we do not regard the amended counts as stating a new cause of action. The negligence was the same and the injury was the same. The fact that the deceased was killed by being thrown to the ground and run over by the car, instead of, as originally charged, by being thrown to the ground, we regard as nothing more than a restatement of the cause of action originally stated, with additional resultant circumstances.

Our conclusion is that the judgment of the Circuit Court should be affirmed, and it is so ordered.    Affirmed.