## James Cole, Sr., et al., v. Central Railway Co.

1. INSTRUCTIONS—*Duty of Drivers of Street Cars.*—An instruction which states to the jury that "under the law of this state those in charge of the operation of street cars upon the public highway are not required to stop their cars, or slacken their speed, merely because they observe

Cole v. Central Ry. Co.

others upon the streets approaching the tracks upon or over which their car or cars are then being operated, and such person or persons are at the time out of the way of being injured thereby, and in this case even though you may believe from the evidence that the motorman in charge of the car that produced the injury and damage complained of in this case, saw the person having charge of the plaintiff's team drive off from Eaton street to Adams street in the direction of the tracks the defendant's car was then running on, and at such time such person and team in his charge was then out of the way of injury and damage by such car while running on defendant's tracks, then such motorman was not required to stop his car or slacken its usual speed in expectation of the person having charge of plaintiff's team and property putting plaintiff's property in the position of danger or injury by said car of defendant," is erroneous. Such a rule does apply in cases where vehicles are proceeding parallel with the tracks between streets, as it can not be anticipated by those in charge of the street car that the driver of vehicles so proceeding will turn suddenly across the track. But where the driver of a vehicle is approaching a car track at a street crossing, as though about to cross the same, it is a question of fact for the jury whether or not the driver is using due care in attempting to cross, and whether the persons in charge of the car, in case of a collision and subsequent injury, are guilty of negligence.

2.  Same—*Incorrect Statement of Plaintiff's Duty.*—An instruction which states that it is the duty of appellant to show that the injury and damage complained of was caused by the negligent act of defendant "and in the manner charged in the declaration," is erroneous, where there were five counts in the declaration charging defendant with various acts of negligence. The statements intended to be descriptive of the injury should have been "in the manner charged in the declaration or one or more counts thereof."

3.  Streets—*Right of Way at Intersections.*—At street intersections neither vehicle nor street car has the absolute right of way to the exclusion of the other. Their rights are reciprocal, and each must respect those of the other.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. Leslie D. Puterbaugh, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

Irwin & Slemmons, attorneys for appellants.

I. C. Pinkney, attorney for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This is a suit by appellants against appellee to recover damages occasioned by a collision between one of appellee's

street cars and appellants' team and wagon, at the intersection of two streets in the city of Peoria, whereby one horse was killed, another injured and the wagon badly damaged. The jury found a verdict in favor of appellee and there was a judgment against appellants for costs, from which they appealed to this court.

It appears from the proofs that at the time of the collision in question, the streets were somewhat slippery from rain and sleet the night before. The driver of appellants' team, seated on a heavy truck wagon, approached Adams street from Eaton street with his team at a walk. Eaton street slopes slightly toward Adams street, which it crosses at right angles. Appellee's car tracks run along Adams street, and the approach of the cars was concealed to some extent from appellants' driver as he came down Eaton street, by bill boards at the street corner. As the driver neared the street car tracks, however, he saw a car coming rapidly toward him and attempted to cross the tracks ahead of it. The wagon had gotten partially across when the car struck it and caused the injury complained of.

The second instruction given for appellee was as follows :

" The jury are instructed, that under the law of this state those in charge of the operation of street cars upon the public highway are not required to stop their cars, or slacken their speed, merely because they observe others upon the streets approaching the tracks upon or over which their car or cars are then being operated, and such person or persons are at the time out of the way of being injured thereby. And in this case, even though you may believe from the evidence that the motorman in charge of the car that produced the injury and damage complained of in this case saw the person having charge of the plaintiffs' team drive off from Eaton street to Adams street in the direction of the tracks the defendant's car was then running on, and at such time such person and team in his charge was then out of the way of injury and damage by such car while running on defendant's tracks, then such motorman was not required to stop his car, or slacken its usual speed, in expectation of the person having charge of plaintiffs' team and property putting plaintiffs' property in the position of danger or injury by said car of defendant."

This proposition is not, in our opinion, true, as a matter of law, when applied to the intersection of streets. It does apply in cases where vehicles are proceeding parallel with the tracks between streets, as it can not be anticipated by those in charge of the street car that the driver of vehicles so proceeding will turn suddenly across the track. But where a driver of a vehicle is approaching a car track at a street crossing, as though about to cross the same, it is a question of fact for the jury whether or not the driver is using due care in attempting to cross and whether the persons in charge of the car, in case of a collision and consequent injury, are guilty of negligence. At street intersections neither vehicle nor street car has the absolute right of way to the exclusion of the other. Their rights are reciprocal and each must respect those of the other. Chicago General Ry. Co. v. Carroll, 91 Ill. App. 356; North Chicago Street R. R. Co. v. Smadraff, 189 Ill. 155.

For the error in this instruction the judgment of the court below must be reversed and the cause remanded.

The first instruction given for appellant was incorrect in stating that it was the duty of appellant to show that the injury and damage complained of was caused by the negligent act of appellee, " and in the manner charged in the declaration."

There were five counts in the declaration charging appellee with various act of negligence. The statement intended to be descriptive of the injury should have been " in the manner charged in the declaration or one or more counts thereof." It is mentioned merely, that a like fault may be avoided on another trial. Reversed and remanded.