Harvey W. Seybert, Appellee, v. Sterling, Dixon and Eastern Electric Railroad Company, Appellant.

Gen. No. 5347.

1. CONTRIBUTORY NEGLIGENCE—*crossing railway tracks.* Attempting to cross the track of a street railway ahead of a moving car is not necessarily to be imputed as contributory negligence. It may or may not be prudent, depending upon the proximity of the car and the speed with which it is moving. Whether in the particular instance reasonable care is exercised in going upon the track, is usually a question for the jury under proper instructions.

2. INSTRUCTIONS—*when erroneous upon question of damages will not reverse.* Even though an instruction upon the question of damages may have been improper, it will not reverse if the evidence is such as would have sustained a larger verdict than the one actually rendered.

3. INSTRUCTIONS—*what as to duty of drivers of vehicles to respect right of way of street car company inapplicable. Held,* that the following instruction is inapplicable except to accidents occurring at street intersections:

"The court instructs the jury that by reason of its convenience to the public as a carrier of passengers and because of the inability of its cars to turn out, a street railway is invested with the right of way over other vehicles over that portion of the street occupied by its tracks, and it is the duty of the drivers of such vehicles to use care not to obstruct or delay such cars, and if the jury believe from the evidence, that the plaintiff while neglecting such duty and failing thereby to use ordinary care for his own safety, was injured, that he cannot recover in this case."

4. INSTRUCTIONS—*when refusal of correct will not reverse.* The

refusal of a correct instruction will not reverse if its contents is substantially contained in another instruction given.

Action in case for personal injuries. Appeal from the Circuit Court of Lee county; the Hon. Oscar E. Heard, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

Henry S. Dixon and George C. Dixon, for appellant.

John E. Erwin, for appellee.

Mr. Presiding Justice Willis delivered the opinion of the court.

The tracks of the Sterling, Dixon and Eastern Electric Railway Company extend along the center of Fellows street in the city of Dixon. Fellows street runs east and west, and intersects Jefferson avenue at right angles. On July 13, 1909, Harvey W. Seybert drove a closed carriage east on this street along the south side of the track on his way to get some passengers. Before reaching the west line of Jefferson avenue he stopped and inquired where the people lived for whom he was looking, and was told that he had passed the house by two blocks, whereupon, he drove further east to a point near the center of the intersection of the streets, and then turned his horses northward to cross the track. While on the track, the carriage was struck by a street car running east and was turned over, and Seybert was thrown to the ground and injured. He brought this suit in case against the company to recover damages for the injuries so sustained. The declaration charges negligence in the management and control of the car by the servants of the company, and averred that the injury resulted therefrom, while plaintiff was in the exercise of due care for his own safety. A plea of not guilty was interposed, and a trial resulted in a verdict of $400 for Seybert. A motion for a new trial was denied, judgment was entered on the verdict, and the company prosecutes this appeal.

The grounds relied upon for a reversal of the judgment

are, that the court erred in refusing to direct a verdict of not guilty; and in giving for appellee an instruction on the measure of damages; and in refusing the second, third, fourth and fifth instructions asked by appellant.

Appellee testified that, before turning, he looked east and saw no car coming; that he looked westward and noticed the car about two hundred feet away, approaching at the rate of ten or twelve miles an hour; that he allowed his horses to walk, and, after turning on the track, noticed the car about thirty feet away, approaching at about the same rate of speed as when he first saw it; that he struck his horses, causing them to jump suddenly forward, but before the carriage had cleared the track, the car struck the left hind wheel, turning the carriage over and throwing him to the ground; that his horses went from eight to ten feet from the time he turned upon the track until the car struck the carriage; that he was going about four miles an hour at the time; that his collar bone was cracked, his head was cut and his body badly bruised; that he suffered much from the effects of his injuries, and had been unable to do heavy work since. The motorman testified that he first saw appellee about two blocks ahead; that appellee turned upon the track about eighty feet ahead of the car; that the car was running ten or twelve miles an hour; that the witness applied the reverse brake and it refused to work; that he then applied the hand brake; that his car ran the width of the street after the accident and that such a car running ten or twelve miles an hour could be stopped within one hundred feet. Another witness testified that the car was on hundred feet distant when appellee turned upon the track; that the car passed the intersection at its usual rate and stopped one hundred feet beyond the crossing. Another testified that, with a reverse brake, a car of this type running ten or twelve miles an hour could be stopped within fifty feet. Another witness testified that the front end of the car and the horses were about forty or fifty feet apart when the horses turned upon the track; and another, that they were between seventy and eighty feet apart.

576     APPELLATE COURTS OF ILLINOIS.

Seybert v. Sterling, Dixon & E. El. R. Co., 157 Ill. App. 573.

The force with which the carriage was struck, and the distance the car ran after the collision, in spite of the efforts of the motorman to stop it, tended to show that the car approached the carriage at a rate of speed that indicated negligence in its management. A closer question is whether appellee exercised due care in going upon the track when he saw the car approaching. Attempting to cross the track of a street railway ahead of a moving car is not necessarily to be imputed as contributory negligence. It may or may not be prudent, depending upon proximity of the car and the speed with which it is moving. Whether, in the particular instance, reasonable care is exercised in going upon the track, is usually a question for the jury under proper instructions. 2 Thompson on Negligence, 1450. Appellee was bound to exercise reasonable judgment in view of all the circumstances, and the court in passing on the motion to direct a verdict, was required to consider all the evidence, including the distance of the car from the carriage, the rate of speed, the fact that the accident occurred at a street intersection where the rights of the parties were reciprocal, and all the circumstances. We cannot say, that, so considered, the evidence necessarily led to but one conclusion; but we think the question, whether under all the circumstances appellee had reasonable grounds for believing that he had time to get across the track before the car would reach him, was proper to be submitted to the jury.

The instruction given for appellee on the measure of damages contained the statement, that, in estimating appellee's damages, the jury might take into consideration, his health and physical condition prior to the injury and his health and physical condition since. Appellant argues that the instruction was harmful because there was no evidence of the state of appellee's health prior to the injury; or that the injury would have any effect upon his earning capacity. The evidence shows that appellee was a strong, healthy man, forty-two years old when injured, and that, at the time of the trial, seven months later, he was unable to perform hard manual labor. The physician who attended

him testified that there was an injury there, but how long it was going to last he was unable to say. We are of the opinion that this evidence was sufficient to warrant giving the instruction; but if this were dobutful, we think the proof as to the injuries appellee sustained, whether permanent or not, would warrant a larger verdict than the one returned.

The principle announced in appellant's second refused instructions was stated in instruction nineteen given at appellant's request; that stated in its third refused instruction was set forth in given instructions fourteen and twenty-one; and the substance of its refused instruction four is embodied in the eighteenth instruction given at its request.

Appellant's fifth refused instruction was as follows:

"The court instructs the jury that by reason of its convenience to the public as a carrier of passengers and because of the inability of its cars to turn out, a street railway is invested with the right of way over other vehicles over that portion of the street occupied by its tracks, and it is the duty of the drivers of such vehicles to use care not to obstruct or delay such cars, and if the jury believe from the evidence, that the plaintiff while neglecting such duty and failing thereby to use ordinary care for his own safety, was injured, that he cannot recover in this case."

This instruction is almost identical with one considered by the court in North Chicago Electric Railway Company v. Peuser, 190 Ill. 67. In that case the court stated that the law as laid down in the instruction was applicable to accidents between street intersections only. Neither a street car nor the public has the right to a street intersection to the exclusion of the other from it. The rights are reciprocal and each must respect those of the other. Chicago General Railway Co. v. Carroll, 91 Ill. App. 356. As the accident and injury to appellee occurred at a street intersection, we are of the opinion that the principle of law stated in the instruction was not applicable to the evidence.

The court gave for appellant twenty-one instructions that presented the case to jury from every point of view, and

many of which were exceedingly favorable to appellant. As it is not error to refuse to, restate a principle of law in a series of instructions and it is error to give an instruction not applicable to the evidence, the court did not err in the refusal of appellant's second, third, fourth, and fifth instructions and in giving appellee's instruction on the measure of damages.

Finding no reversible error in the record, the judgment of the lower court is affirmed.

*Affirmed.*