1866.] PRINDEVILLE *v.* THE PEOPLE. 217

Syllabus.     Brief for Plaintiff in error.     Brief for Defendants in error.

## JOHN PRINDEVILLE

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW — *conviction for a lesser offense under an indictment for the greater.* Where the prosecution must prove every fact necessary to constitute the lesser offense, together with the additional facts which make it the higher offense, in order to justify a conviction for the latter, then a conviction may be had for the lesser offense under an indictment for the greater.

2. So, under an indictment for rape, a party may be convicted of an assault with intent to commit a rape.

3. BILL OF EXCEPTIONS — *when necessary.* An objection to a rule of the court below respecting the time within which instructions must be presented to the court, under which certain instructions offered were refused, cannot be entertained on error unless the instructions are embodied in a bill of exceptions; as, even if the rule was unreasonable, it would not be error to refuse instructions under it unless they were correct, which could not be determined if they were not before the court.

4. INSTRUCTIONS — *of special rules of court in respect to the time within which they must be presented.* Circuit Courts have the power, by reasonable and proper rules, to prescribe within what time, during the progress of a trial, instructions must be presented.

WRIT OF ERROR to the Recorder's Court of Chicago; the Hon. EVERT VAN BUREN, Judge, presiding.

The opinion of the court contains a statement of the case.

Messrs. HERVEY, ANTHONY & GALT, for the plaintiff in error, contended, that an indictment for having committed a rape will not sustain a conviction for an assault with intent to commit a rape, citing *Carpenter* v. *The People*, 4 Scam. 199; Wharton's Criminal Law, pp. 193, 194, and 522; *Dinkey* v. *Commonwealth*, 5 Harris, 126; *Buck* v. *State*, 2 Harris & Johns. 126; 1 Chitty's Criminal Law, 252–639.

Mr. CHARLES H. REED, State's attorney, for the people, upon the general doctrine that a conviction for the lesser offense may be sustained under an indictment for the greater, cited

*Beckwith* v. *The People*, 26 Ill. 500; *Carpenter* v. *The People*, 4 Scam. 197; *Stewart* v. *The State*, 5 Ohio, 145; *Corwith* v. *Griffin*, 21 Pick. 525; *The People* v. *White*, 22 Wend. 176; 1 Phil. Ev. (7 Lond. ed.) 202; 1 Ch. Crim. Law, 638; *White et al.* v. *The People*, 32 N. Y. 469; *Rex* v. *Hunt*, 2 Campb. 583; *People* v. *Jackson*, 3 Hill, 92; *State* v. *Stedman*, 7 Porter (Ala.) 495; *Dedieu* v. *The People*, 22 N. Y. pp. 183 and 184; Phil. Ev. Cowen and Hill's and Edward's notes, vol. i. p. 832, note 5, and cases there cited.

In *Com.* v. *Cooper*, 15 Mass., which was an indictment for rape, the court held that the defendant might be lawfully convicted of an assault with intent to commit rape, upon the ground that it was a lower offense. In the case of *State* v. *Harper*, 7 Conn. 54, the defendant was indicted for an assault with intent to commit rape, and the evidence showed that a rape was actually committed. The defendant was found guilty as charged in the indictment. In the case of *State* v. *Parmelee*, 9 Conn. 360, the court refer to the case last cited from the 7th Conn. with approbation, saying that: "So, in an indictment for rape, he may be convicted of an attempt to commit a rape."

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

In this case, plaintiff in error was indicted in the Recorder's Court of Chicago for a rape. He interposed the plea of not guilty. A trial was had, resulting in a verdict of guilty of an assault with intent to commit a rape, and fixing the term of his confinement in the penitentiary at one year. A motion for a new trial was overruled and judgment was rendered on the verdict, and defendant below prosecutes this writ of error to reverse that judgment.

It is insisted, that plaintiff in error having been indicted for a rape, he should, if not guilty of that crime, have been found not guilty and acquitted. That the two offenses are separate and distinct crimes, neither embracing the other; and, to convict of an assault with intent to commit a rape, the accused

should be regularly indicted and tried for that specific crime That the crime of rape is not of that class of public offenses which includes the crime of assault with intent to commit a rape, it not being a crime of a lower grade.

The rule is laid down by Mr. Chitty, in his treatise on criminal law, vol. 1, p. 638, that, " When the accusation includes an offense of inferior degree, the jury may discharge the defendant of the higher crime, and convict him of the less atrocious. Thus, upon an indictment for burglariously stealing, the prisoner may be convicted of theft, and acquitted of the nocturnal entry; upon an indictment for murder, he may be convicted of manslaughter; on an indictment for stabbing, he may be acquitted of the statutable offense, and found guilty of felonious homicide; on an indictment for stealing privately from the person, he may be found guilty of larceny only; on an indictment for grand, the offense may be reduced to petit, larceny; robbery may be softened into felonious theft; and petit treason lessened to murder or any description of less atrocious homicide; and, on an indictment found on a statute, the defendant may be found guilty at common law."

He again says: " The only exception to this rule seems to be, when the prisoner, by being originally indicted for a different offense, would be deprived of any advantage which he would otherwise be entitled to claim; in which the prosecutor is not permitted to oppress the defendant by altering the mode of the proceedings. A defendant, therefore, cannot be found guilty of a misdemeanor on an indictment for felony, because he would by that means lose the benefit of having a copy of the indictment, a special jury and making his full defense by counsel. * * * Upon the same principle, no one can be convicted of petit treason on an indictment for a common murder, because he would thereby lose the benefit of the larger number of peremptory challenges; but in an indictment for the former he may be properly convicted of the latter, because he thereby enjoys a higher benefit, instead of losing any privilege to which he may be entitled."

It is manifest, that the intent as well as the assault are

embraced in the crime of rape. If either is wanting, the crime could not be complete. And, from all of the authorities, we are satisfied, that the general rule is, that, where a higher and more atrocious crime fully embraces all of the ingredients of a lesser offense, and when the evidence requires it, the jury may convict of the latter. Where, to convict of the higher offense, the prosecutor must prove every fact necessary to constitute the smaller offense, together with the additional facts which make it the higher offense, before he can have a conviction, then the jury, if the facts warrant it, may convict of the less offense. And no case occurs to us which can come more fully in the rule than does an assault with intent to commit rape. To constitute a rape, there is necessarily an assault with the intent and the perpetration of the act. In the crime of assault, the perpetration of the act is all that distinguishes the two crimes. A conviction of an assault with intent, under an indictment for a rape, does not deprive the accused of a single right or benefit, nor can he be taken by surprise. In his preparation to defend himself against the crime of rape, he necessarily prepares to defend against the assault with intent. The case at bar illustrates the rule as fully as any other could have done. If the evidence is to be credited, if not in fact a rape, it was, beyond all doubt, an assault with intent to commit a rape. It is one of those cases where there can be no doubt that the smaller offense has been committed, and where the jury may have been warranted in the indulgence of a doubt, whether the large and more enormous crime had been committed.

Nor do we see that any of the exceptions enumerated by Mr. Chitty can justly apply to this case. In such a conviction, he is not deprived of any right enjoyed on a trial for an assault with intent to commit a rape. He enjoyed the benefit of the same number of challenges, and of every form and privilege that he could have claimed had he been indicted for the offense of which he is convicted. And whether or not there is a distinction in the punishment of the two crimes, no one can hold that they are equally atrocious.

In the case of the *Commonwealth* v. *Cooper*, 15 Mass. 187, it

was held, that a conviction for an assault, with intent to commit a rape, could be sustained, although obtained under an indictment for a rape. And in the case of *The State* v. *Shephard*, 7 Conn. 54, it was held, that, under an indictment for an assault with intent to commit a rape, it was sustained by proof of a rape. This case seems to go farther than the general rule, and it may be questionable whether it does not go too far to be sustained in its fullest extent by either reason or authority. But it sustains the rule contended for by the prosecution. Other cases might, no doubt, be referred to illustrating the rule. But we regard these sufficient, as we have no doubt, on principle, such a conviction may be sustained, and that it fully accords with the well recognized rules of criminal jurisprudence of Great Britain as well as of this country. Cases may, no doubt, be found which announce a different rule, but we are disposed to adhere to the general rules and analogies of the law, when sustained by reason and authority.

It is likewise insisted, that the court below erred, in refusing to give defendant's instructions, which were not presented to the court until the people's attorney was making his closing argument to the jury. It is disclosed by the bill of exceptions, that there is a rule of practice, adopted by the court below, requiring both parties to prepare and furnish the court with such instructions as they may desire to be given, before either counsel may commence the argument of the case. That, in this case, they were not furnished in conformity with the rule, but only during the closing argument in the case.

The dispatch of business, the rights of litigants, jurors and witnesses, all require that the time of the court shall not be unnecessarily consumed in the trial of causes, and, to avoid such consequences, courts must be invested with power to adopt all reasonable rules for the practice of their courts. Ever since the adoption of the statute requiring all instructions to be reduced to writing before they are given, it is believed, that similar rules have been in force in all of the Circuit Courts in the State. They have varied slightly in their requirements, but all are designed to attain the same end. The rule which is

believed to have most generally obtained, requires all instructions to be furnished the court, by the commencement of the closing argument. That, it seems to us, is well calculated to meet the convenience of both parties, and the court, and to economise time, and can in no way hinder or prevent the attainment of a fair trial by both parties. So far as our observation has extended, such a rule has operated well. It gives ample time after the close of the evidence, and the case fully opened to the jury, for both parties to prepare their instructions. And the court, being thus apprised of the legal propositions they have assumed, has, after the instructions are thus presented, usually, ample time for their examination, and to determine upon their correctness. It is essential that the court shall exercise such power, through reasonable and proper rules, as shall enable him to dispatch business at least so fast as the proper administration of justice may require.

In this case, without determining whether the rule under consideration is reasonable, it. is sufficient to say, that the instructions were not embodied in the bill of exceptions, and form no part of the record. For aught that appears, and such is the presumption, they were properly refused. Until they are brought before this court, we cannot know but it would have been error for the court to have given them, independent of the rule. If the rule were to be disregarded, still it must appear that the instructions were proper before we could say they should have been given.

No error is perceived in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*