## Chicago City Railway Co. v. John Martensen.

1. PRACTICE—*Not Necessary that a Bill of Exceptions Should Bear the File Mark of the Clerk.*—It is not necessary, under section 60 of the practice act (R. S., Ch. 110,), that a bill of exceptions bear the file mark of the clerk in order to make it a part of the record.

2. APPELLATE COURT PRACTICE—*Where Objections to the Absence of the File Mark on a Bill of Exceptions Can Not Be Made for the First Time in the Appellate Court.*—Where the attorneys enter into a stipulation that the original bill of exceptions be incorporated in the transcript of the record to be filed in the Appellate Court they will be deemed to have waived the objection that it did have the file mark of the clerk of the trial court upon it, and will not be heard to object for the first time in the Appellate Court that such file mark was not affixed within the period originally designated by the court below.

3. STREET CARS—*No Exclusive Right to the Use of Streets.*—Neither a street car nor the public have a right to a street crossing to the exclusion of the other.

4. SAME—*Rights of Persons at Crossings.*—It is not contributory negligence in a person driving a team attached to a loaded wagon about to cross a street-car track, to rely upon the ability of the motorman in charge, to so control his car as to avoid a collision.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

WM. J. HYNES and B. F. RICHOLSON, attorneys for appellant.

MUNSON T. CASE and JOHN J. COBURN, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

There is in this case a preliminary motion made by appellee to strike the bill of exceptions from the record and affirm the judgment, because it is said such bill of exceptions was not filed in the Circuit Court within the time allowed therefor by order of said court.    It appears that by orders conceded to be valid the time within which to file the bill of exceptions was extended to September 5, 1900.    The bill was duly presented, signed and sealed August 1st, more than a month before the expiration of the time limited.    It was not, however, marked "filed" until October 23d following, when it was ordered to be filed *nunc pro tunc* as of September 6th preceding.    It is urged that this *nunc pro tunc* order was void, because it was an attempt to supply an order never in fact made (citing Lindauer v. Pease, 192 Ill. 456–459) and that the bill was never properly filed.

The statute provides (Sec. 60, Practice Act): "If, during the progress of any trial in any civil cause, either party shall allege an exception to an opinion of the court, and reduce the same to writing, it shall be the duty of the judge to allow said exception and sign and seal the same, and the said exception shall thereupon become a part of the record in said cause."    Thus the statute makes the bill of exceptions part of the record, upon its being allowed, signed and sealed.    It is not necessary, under this statute, in order to constitute it a part of the record, that it shall bear the file mark of the clerk.    It is entirely proper that it should be so filed, and doubtless the court has power to direct within what time this shall be done.    But if the bill of exceptions has been properly allowed, signed and sealed within the time limited, it does not cease to be what the statute has made it, "a part of the record in said cause," merely because of the clerk's failure to comply with the order directing it to be "filed" within that time.    In the case before us appellee's attorneys joined in a stipulation,

dated October 2, 1900, by which it was agreed that the original bill of exceptions should be incorporated in the transcript of record to be filed in this court. This was after, according to appellee's claim, the time for filing had expired. By such stipulation appellee must be deemed to have waived objection to alleged informalities in the file mark. Being already a part of the record when that stipulation was made, and having been incorporated in the transcript filed in this court by consent, appellee will not be heard to object here for the first time that the file-mark of the clerk of the Circuit Court was not affixed within the period originally designated by that court.

It is contended by appellant that there is no proof of negligence on the part of the latter, and that the accident was the result of appellee's carelessness in driving ahead of the car.

The evidence of appellee and his witnesses tends to show that the morning of December 10, 1895, at about ten o'clock, appellee was driving eastward on Fifty-ninth street a team attached to a wagon containing three yards of black dirt, which he estimates weighed about two tons; that approaching the west track of appellant's railway, on Wentworth avenue, he saw an electric car from fifty to seventy-five feet, or "about half a block," away, approaching "pretty fast" from the south, on the east track; that he continued on, hurrying up his horses as fast as he could; that his wagon was nearly over and out of the way when its rear, "the rim of the hind wheel," was struck and shoved aside by the car; that appellee fell off, and was thus injured; that the car was running the way they are usually run, at "medium speed;" that the weather was clear and cold; that the road was icy and the tracks slippery; that the motorman applied the brakes and did his best to stop the car, and the car wheels were sliding when it passed the south side of Fifty-ninth street before it struck the wagon; that after striking and pushing aside the rear of the wagon, the car went about a length further before coming to a stop; that when appellee's horses were on the east track upon which the car was

approaching, the car was from twenty-five to fifty feet away, and that appellee was trying to "drive up his team as much as he could," having a heavy load and the ground being icy and slippery.

At the close of the plaintiff's evidence, appellant moved the court to direct a verdict of not guilty, which motion the court denied. Appellant thereupon introduced a single witness, who testified, as an expert motorman, that under the circumstances the car could not, in his opinion, be stopped within forty or fifty feet, and the defense then rested, satisfied, apparently, with the plaintiff's evidence, considering that it showed no negligence on the part of appellant causing the injury.

There is here no conflict of testimony. The case rests almost entirely upon evidence introduced by appellee upon the questions of negligence. If it was negligence on appellant's part for the motorman to fail to so control his car as to bring it to a full stop before reaching the point of contact, then appellant was guilty; otherwise not, for the record discloses no evidence of negligence in any other respect. Both parties, appellee with his team and appellant with its electric car, had equal rights upon the street crossing. If appellant had been able to bring its car to a standstill a little sooner, or if appellee had been able to drive his horses over the slippery street with its heavy load just a little faster, the accident would not have occurred. This was, however, at a street crossing, where the appellant's motoneer was bound to expect that persons and teams would be crossing, and where, in the opinion of a majority of the court, appellant was bound to have its car so under control as to be able to avoid running over or against persons or teams lawfully using the street, and not themselves guilty of any negligent act or omission contributing to the injury; and that it was not contributory negligence in appellee to rely upon the ability of the appellant to so manage and control its car as to avoid the collision; and the jury were justified in so finding. Chicago Gen. Ry. Co. v. Carroll, 91 Ill. App. 356–358.

The writer is unable to concur in this view, and regards the facts as bringing the case under the principle stated in Smith v. Chicago Gen. Ry. Co., 86 Ill. App. 648. But in conformity with the views of the majority of the court, as above indicated, the judgment of the Circuit Court will be affirmed.