## THE CHICAGO CITY RAILWAY COMPANY

*v.*

## SIMON SANDUSKY.

*Opinion filed October 25, 1902.*

1. NEGLIGENCE—*attempting to cross. track ahead of moving car is not necessarily negligence.* Whether or not it is negligence for a party to attempt to cross a street railway track in front of an approaching car is usually a question of fact for the jury, under proper instructions.

2. SAME—*when question of gripman's diligence is for jury.* Whether or not a gripman acted with the requisite diligence is a question for the jury, under evidence that although he saw plaintiff approaching and thought he intended to cross the track, yet the car was going at "one-half or two-thirds regular speed" when it struck the wagon at the crossing, and that the car pushed the horse and wagon nearly three-quarters of the distance across the street.

3. TRIAL—*right of court to make rules concerning instructions.* The court has power to make rules, such as regulate the time for presenting instructions, in the interest of dispatch of business, but has no power to arbitrarily limit the number on each side and then refuse a proper instruction merely because the limited number for the party has been given.

4. APPEALS AND ERRORS—*when refusal to consider instruction is not ground for reversal.* Refusal of the court to consider an instruction because the number allowed by the court's arbitrary rule has been given is not ground for reversal, where the substance of such instruction has already been given in another instruction.

*Chicago City Railway Co.* v. *Sandusky,* 99 Ill. App. 164, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

WILLIAM J. HYNES, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

WILLIAM C. SNOW, and CHARLES HUGH STEVENSON, (WILLIAM PRENTISS, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Between eight and nine o'clock in the evening of April 18, 1898, a cable car which the appellant company was operating northwardly along its tracks in State street, in the city of Chicago, collided with a junk wagon in which the appellee was riding and threw him from his seat to the surface of the paved street, and thereby inflicted injuries upon his person for which he was awarded judgment in the sum of $1000 in an action on the case which he instituted against the company in the superior court of Cook county. On appeal perfected by the company to the Appellate Court for the First District the judgment was affirmed, and the cause is before us on a further appeal in the same behalf.

The motion of the appellant company, entered at the close of all the testimony, for a peremptory verdict in its behalf raised two questions only, namely, (1) whether the court should hold, as a matter of law, the appellee was guilty of a failure to observe ordinary care for his own safety; and (2) whether the evidence tended to show the employees of the company in charge of the car were guilty of negligence in running against appellee's wagon.

Before the appellee attempted to drive his horse and wagon across the track of appellant's road he looked down the street to the south and saw the car, which was approaching the crossing from that direction. The testimony of the appellee and Alice Jones tended to show

that the car was then, as they thought, a distance of about one-half block from the crossing. Attempting to cross the track of a street railway ahead of a moving car is not necessarily to be imputed as contributory negligence. It may or may not be prudent, depending upon the proximity of the car and the speed with which it is moving. Whether, in the particular instance, reasonable care was exercised in going upon the track is usually a question for the jury, under proper instructions. (2 Thompson on Negligence, 1450.) The evidence in the present case was not such as to justify the court in declaring, as a matter of law, the appellee did not act with reasonable care for his own safety. The gripman testified he saw the appellee, with his horse and wagon, come into the intersection of Thirtieth and State streets from Thirtieth street and thought it was his intention to drive across the track, yet he admitted that the car was going at "one-half or two-thirds regular speed" when the collision occurred. A question of fact arose whether the gripman acted with the requisite diligence after he saw appellee was in danger, and also whether the speed of the car was not too rapid for the safety of citizens who might be in the street crossing. Arthur Metzgar, a witness produced by the appellant, testified the grip-car, when it struck the wagon, "slid" the horse and wagon "nearly three-quarters across the street," which tended to show the car was moving at a rate of speed which the jury were at liberty to regard as excessive and dangerous at a street crossing. The evidence was conflicting as to the distance the car moved after the collision. One witness testified the grip-car, when it ceased to move, was about two car-lengths north of Thirtieth street. Others thought it did not move so far. The evidence tended to show the servants of the company, after they saw there was danger of a collision, by the exercise of ordinary care might have stopped the car and avoided injuring the appellee. It was the duty of the appellant

company and of the appellee to exercise due care to avoid a collision. It was not, under the tendencies of the evidence, a question of law whether either had performed that duty.

After the plaintiff had rested his case, and while the defendant was adducing its evidence, the court called the attorneys for the parties and read to them the following order which the court had drawn and entered in the case: "It is ordered at this time, while the witnesses on the part of the defendant are being examined, that the instructions to be tendered to, examined or given by the court to the jury be limited to twenty-four,—twelve on the part of the plaintiff and twelve on the part of the defendant,—and that no instruction in excess of said numbers will be received or examined by the court or given to the jury." The defendant excepted to the order, and, afterwards, to the decision of the court in refusing to give or examine twenty instructions presented in a body, in addition to the twelve handed up under the order of the court. The appellant company, in recognition of the rule but under protest, presented twelve instructions to be given or refused by the court under the rule, and also presented twenty additional instructions. The court declined to examine or pass upon any of the twenty additional instructions, for the reason they were each in excess of the number of twelve limited by the rule. Counsel for appellant preserved exceptions to this ruling of the court.

So far as we are advised, the power of a trial court to limit requests for instructions to an arbitrary number from each litigant has never received the consideration of a court of review. The power of the judge to prescribe a reasonable rule regulating the presentation of instructions to be given or refused is everywhere conceded. Rules that instructions will not be considered if presented after the beginning of the argument to the jury, or during the course of the argument to the jury, or dur-

ing the course of the general charge, or after the judge has concluded his general charge, or after the cause has gone to the jury, or after the jury had come in and disagreed, have been sustained. (11 Ency. of Pl. & Pr. 240; *Prindiville* v. *People*, 42 Ill. 217.) In *Prindiville* v. *People*, *supra*, the rule had been adopted by the trial court requiring that the instructions should be presented before the commencement of the argument of the cause. The appellant presented additional instructions while the attorney for the People was making his closing argument to the jury, and they were refused under the rule. The instructions were not embodied in the bill of exceptions, and we held we could not know but that the court ought to have refused them independently of the rule, and therefore did not determine whether the rule under consideration was reasonable. We there indulged in the following observations, (p. 222,) which meet our approval, viz.: "The dispatch of business, the rights of litigants, jurors and witnesses, all require that the time of the court shall not be unnecessarily consumed in the trial of causes, and to avoid such consequences courts must be invested with power to adopt all reasonable rules for the practice of their courts. Ever since the adoption of the statute requiring all instructions to be reduced to writing before they are given, it is believed that similar rules have been in force in all of the circuit courts in the State. They have varied slightly in their requirements, but all are designed to attain the same end. The rule which is believed to have most generally obtained requires all instructions to be furnished the court by the commencement of the closing argument. That, it seems to us, is well calculated to meet the convenience of both parties and the court and to economize time, and can in no way hinder or prevent the attainment of a fair trial by both parties. So far as our observation has extended such a rule has operated well. It gives ample time after the close of the evidence and the case fully opened to the

jury for both parties to prepare their instructions, and the court, being thus apprised of the legal propositions they have assumed, has, after the instructions are thus presented, usually ample time for their examination and to determine upon their correctness. It is essential that the court shall exercise such power, through reasonable and proper rules, as shall enable him to dispatch business at least so fast as the proper administration of justice may require."

We do not wish, however, to be understood to hold that another mode or manner of regulating the presentation of instructions than, that referred to may not be adopted. We are inclined, however, to regard as unreasonable a hard and fast rule that instructions shall be limited to a given number. It is the prolixity and confusing character of the charge, as a whole, that rules of this character are designed to obviate. Restriction in point of number, only, of the instructions will not remove the evil. A number of concise, clear instructions, each of which is confined to a distinct branch or phase of the contention or distinct proposition of law, is preferable to one long, diffuse and complicated instruction, which includes within its range all or several of the propositions or phases of the case and attempts to advise the jury as to different and independent legal propositions. A general charge, consisting of instructions of the latter character, though not exceeding the number permitted by the rule, would be more objectionable, from every proper point of view, than a charge composed of instructions which, though short and clear and of a character to enlighten the jury, exceeded the number allowed by the rule. It is unreasonable to assume that each of the parties needs the same number of instructions. The issues in behalf of one may make a number of instructions necessary while the jury need little information as to those for the other party. The judge could not, by a general rule applicable to all cases or classes of cases

or causes of action, determine and specify, in advance of the hearing, the number of instructions proper and requisite to be used in all cases. If the court should wait until the conclusion of the evidence in the cause and then determine the number of instructions he would consider, the rule would be unreasonable in its operation upon counsel, in that it would interfere with or prohibit the practice, adopted by many careful and competent lawyers, of preparing their instructions in advance of the trial. The court may refuse instructions which are but repetitions of others of the series which he has given, and thus the number of instructions may be restricted to the propositions of law really involved; and any rule which would authorize the refusal of an instruction otherwise proper to be given, on the ground, alone, that as many instructions as the rule allowed had been given, could not be defended.

But the cause will not be reversed because of the error of the court in adopting the rule. The bill of exceptions contains the instructions which the court refused to examine. Counsel for appellant, in their brief, point out but one instruction among the twenty which the court refused to consider, which, in the view of counsel, was necessary to advise the jury as to any principle of law important to the defense to the action. The substance of this instruction was, that in arriving at a conclusion as to the truth of the statements made by any witness the jury might consider the improbable character of such statements. The fifth instruction given in behalf of the plaintiff below correctly stated the proposition of law referred to in the instruction which was not passed upon. It was not necessary it should have been repeated. As it is not complained that any other of the instructions which were refused under the rule were necessary to the proper presentation of the defense, the judgment should not be reversed for the error in adopting the rule.

The judgment is affirmed.         *Judgment affirmed.*