## Chicago Union Traction Co. v. Caroline Mommsen.

1. CARRIERS OF PASSENGERS—*When a Prima Facie Case is Made Against.*—Whenever it appears that an accident to a passenger is of that kind which, according to common experience, does not usually occur except from some fault of the carrier, or from some defect of its carriage or appliances, or condition of its road, a *prima facie* case is made against it.

2. SAME—*Duty Toward Passenger.*—A railway common carrier is bound for the safety of passengers to exercise the highest degree of care compatible with the practical operation of its road.

3. INSTRUCTIONS—*Should Not be Limited to a Certain Number.*—A rule of the court that instructions should be limited to a given number is unreasonable.

4. SAME—*As to Disregarding a Release of Cause of Action for Damages.*—An instruction modified by the court was given as follows, the modification thereof being shown by the words inserted in brackets : " The court instructs the jury that they have no right to disregard the release offered in evidence on the ground [merely] of any inadequacy of the consideration therein named, nor can the jury disregard the same [merely] because of any unfair conduct, if any there be, on the part of the defendant, or its agents, which relates solely to the consideration for which such release was given." *Held*, that the instruction as asked should have been given. The modification had a tendency to induce the jury to think that there might be unstated reasons for disregarding the release.

5. FRAUD—*There Must be an Intention to Deceive.*—Fraud can not exist without an intention to deceive.

6. WORDS AND PHRASES—*Fraud Defined.*—Actual or positive fraud includes cases of the intentional and successful employment of any cunning, deception or artifice used to circumvent, cheat or deceive another.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed March 31, 1903.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

DANIEL McCASKILL, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action brought by appellee to recover damages for personal injuries sustained by her while a passenger upon one of appellant's cars. The accident by which appellee was injured occurred between seven and eight o'clock in the evening of August 2, 1900, at the intersection of Milwaukee avenue and Robey street. When the car reached Robey street it came to a sudden stop and the shock threw the plaintiff forward against the seat in front of her and upon the floor. The stoppage of the car was caused by a small iron bolt or reach-pin, which in some unknown way got into the slot of the cable. The evidence showed that the bolt which fell into the slot was made of iron and had a head one and one-half inches square and less than one inch thick, with a round shank five-eighths of an inch in diameter and three or four inches long, and that this bolt, which probably fell out of some passing wagon, not being a thing used upon street cars, dropped into the slot in such a way that the bolt was concealed therein, while the head of the bolt, being wider than the slot, remained on the surface, and could be pushed along by the car without any effect upon its passage, or noticed by any one thereon, until it struck something which would interfere with the further progress of the head of the bolt; that this probably occurred at Robey street, upon which there was an electric street car track intersecting the cable track; that the electric car tracks had a cut in them, an opening three-quarters of an inch wide, to allow the passage of the grip connected with the cable car; that the head of the bolt, being wider than this cut, stuck there, and the grip coming in contact with it, could not push it through, and thereupon the grip car was brought to a sudden stop.

It also appeared that this bolt could not have been upon

the track more than six minutes before it stopped the cable car, as another cable car had passed over the track without interruption but six minutes previous; that the car track was inspected frequently and had been one or two hours previous to the accident. The gripman of the car testified that he had had horse-shoes and bolts in the slots numerous times; that he had never had the same kind of an accident occur at Robey street before this time. Whenever it appears that an accident to a passenger is of that kind which, according to common experience, does not usually occur except from some fault of the carrier, or from some defect of its carriage or appliances, or condition of its road, a *prima facie* case is made against him. Hutchinson on Carriers, Section 801; N. C. St. R. R. Co. v. Cotton, 140 Ill. 486–495.

In the present case the circumstances of the accident were such as to throw upon the carrier the burden of showing that it was not due to any omission of duty resting upon it. A railway common carrier is bound, for the safety of passengers, to exercise the highest degree of diligence compatible with the practical operation of its road.

In the present case it does not appear that the falling of the bolt into the cable slot could or would have been prevented by the exercise of the highest degree of diligence upon the part of the carrier. As to whether appellant did, or did not, discharge its duty, depends upon whether it could, by a system of inspection compatible with the practical operation of its road, have discovered the presence of this bolt in the slot in time to have prevented the accident. This was a question of fact, which, under proper instructions should have been submitted to the jury.

During the progress of the trial, the court announced that it would not receive or consider more than fifteen instructions, submitted by either party. Appellant submitted for the consideration of the court twenty-one instructions, six of which the trial judge refused to receive. Among the instructions so submitted which the court refused to consider were the following :

" The court instructs the jury that while they are the judges of the credibility of the witnesses, they have no right to disregard the testimony of an unimpeached witness sworn on behalf of the defendant, simply because such witness was or is an employe of the defendant, but it is the duty of the jury to receive the testimony of such witness in the light of all the evidence, the same as they would receive the testimony of any other witness, and to determine the credibility of such employe by the same principles and tests by which they determine the credibility of any other witness."

" The court instructs the jury that while the law permits the plaintiff in the case to testify in her own behalf, nevertheless the jury have the right, in weighing her evidence, to determine how much credence is to be given to it, and to take into consideration that she is the plaintiff, and interested in the result of the suit."

The equivalent of neither of these instructions was contained in any given by the court. They were such as appellant was entitled to have given, and the refusal to give them was error.

The Supreme Court has recently, in the case of Chicago City Railway Company v. Sandusky, 198 Ill. 400, said that they are inclined to regard as unreasonable a hard and fast rule that instructions shall be limited to a given number.

Shortly after the accident, appellee had, for the sum of two dollars paid to her, executed to appellant a release of liability. Upon the trial, there was evidence tending to show that she did not understand the meaning of the paper she signed and thought the two dollars paid to her, compensation merely for the time devoted to making a statement of the manner in which the injury to her happened. In view of this evidence and because there had been no offer to return the two dollars, appellant asked for an instruction which the court modified by inserting therein twice, the word "merely" and with such modification gave it. The instruction as given is as follows, the modification thereof being shown by the words inserted in brackets:

" The court instructs the jury that they have no right to disregard the release offered in evidence on the ground [merely] of any inadequacy of the consideration therein

named, nor can the jury disregard the same [merely] because of any unfair conduct, if any there be, on the part of the defendant, or its agents, which relates solely to the consideration for which such release was given."

The rule as to fraud in the procuring of a release from a person injured by the alleged negligence of another is stated by the Supreme Court in Pawnee Coal Co. v. Royce, 184 Ill. 402, as follows:

"Fraud can not exist without an intention to deceive. (Miller v. Howell, 1 Scam. 499; Warner v. Carlton, 22 Ill. 415; Nelson v. Smith, 28 Id. 495; Boies v. Henney, 32 Id. 130.) Actual or positive fraud includes cases of the intentional and successful employment of any cunning, deception or artifice used to circumvent, cheat or deceive another." 1 Story's Eq., Sec. 186.

The fraud referred to in the foregoing authorities that would obviate the necessity of the return of money paid in settlement and for a release is the fraud of the party procuring the release, and must be an actual, intended fraud.

The instruction as asked should have been given. The modification had a tendency to induce the jury to think that there might be unstated reasons for disregarding the release.

The judgment of the Superior Court is reversed and the cause remanded.