THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

FLOYD J. PULLIAM.

*Opinion filed February 17, 1904—Rehearing denied April 14, 1904.*

1. TRIAL—*what sufficient to entitle plaintiff to have question of due care go to jury.* Testimony by the plaintiff that he looked in both directions for trains on approaching railroad crossing, slowed his team to a walk and looked again as he drew nearer, is sufficient to entitle him to have the question of due care submitted to the jury, even though his testimony is contradicted.

2. EVIDENCE—*existence of obstructions to sound and view may be considered.* The existence of obstructions to sound and view may be considered, in connection with the other facts and circumstances, upon question of due care by one approaching a railroad crossing.

3. SAME—*testimony that witnesses did not hear locomotive bell is proper.* Testimony that witnesses did not hear the locomotive bell ringing, although they did not know definitely whether it was ringing or not, is admissible upon the question of the ringing of the bell.

4. SAME—*court cannot weigh the evidence in giving instructions.* The trial court cannot exercise its judgment as to the weight of the evidence in giving or refusing instructions, even though the evidence upon which an offered instruction is based is slight.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

PATTON & PATTON, (WILLIAM BROWN, of counsel,) for appellant.

ROBERT H. PATTON, and T. J. NUCKOLLS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Third District affirmed a judgment of the circuit court of Sangamon county in this suit for $1500 in favor of appellee for personal injuries, caused by appellant's train at a street crossing in the village of Auburn.

Plaintiff was eighteen years old, and was engaged in hauling ice to an ice-house from a car on the side-track of defendant, in said village. At the time of the accident he drove from the ice-house in a northerly direction along a highway parallel with and adjoining the right of way on the south-easterly side until he reached Monroe street, and then turned west across the track of the Pawnee railroad and several side-tracks of defendant to the main track. The weather was cold and he was standing up in the wagon. When he reached the main track the limited train approaching from the north struck the wagon and threw him out, causing the injuries for which the suit was brought.

At the close of the evidence the defendant moved the court to instruct the jury to find it not guilty. The motion was overruled and the instruction refused, and the ruling is assigned as error.

The charges of the declaration were negligence, generally, in the management of the train, a failure to give statutory signals before reaching the crossing, and a violation of the ordinance of the village of Auburn regulating the speed of trains. The train was running at a much higher rate of speed than was permitted by the ordinance, and it is not claimed that there was no evidence tending to prove negligence in that respect on the part of the defendant. The ground on which it is contended the instruction should have been given is, that there was no evidence that the plaintiff was in the exercise of reasonable care for his own safety, but that, on the contrary, the evidence conclusively showed that if he had exercised such care he would have avoided the injury. The evidence of the respective parties on that question is as follows: Plaintiff testified that when he arrived at Monroe street, and as he passed along that street toward the main track, he looked north and south for trains; that when he reached the railroad tracks he slowed his team to a walk; that when he was on the side-tracks

he looked north and then looked south, and looked back north again, and the train was coming right there; that the team was then on the main track; that the short whistle given as an alarm was the first thing that attracted his attention to the train and that he did not see it before.   On the part of the defendant a witness testified that he was standing on the north side of the street, just west of the railroad, when he saw plaintiff coming toward the track; that plaintiff had a cap pulled down over his ears; that the witness "hollered" at him four times to keep off the track or he would get run over; that plaintiff never looked up, but was standing in the wagon, not looking for trains or anything else, and that he did not think plaintiff heard him.   Another witness testified that he was standing south of the street crossing; that he "hollered" to the plaintiff three times; that the first time was just after the plaintiff had crossed the Pawnee track and witness called twice after that, and that plaintiff did not appear to hear him, and if he did he did not pay any attention.   The man for whom plaintiff was hauling ice was on a load of ice east of the track, going south, and testified that as plaintiff's horses were on the turn into Monroe street, when the witness was about one hundred feet from him, the witness threw up his hand as a warning and motioned to him, but he could not say whether he saw the warning.   There were some obstructions to sight and sound, but they were some distance from the crossing, the first one being the station building more than a block north.   Although the existence of such obstructions does not excuse the exercise of care on the part of one approaching the crossing, the fact is proper to be considered in connection with all the other facts of the case.   Obstructions to the view or hearing may require greater care and attention to ascertain whether a train is approaching, but they may sometimes have a tendency to render such care and attention unavailing. The care required is such as a reasonably prudent person

would ordinarily exercise under the same circumstances, and in this case the testimony of plaintiff was sufficient to entitle him to have the question submitted to the jury. It was not error to refuse the request to take the case from the jury, and the judgment of the Appellate Court upon the controverted question of fact is conclusive.

The only other error alleged is the giving of the second and fifth instructions at the request of the plaintiff, which authorized a recovery if the plaintiff was in the exercise of due care for his own safety and there was a failure to ring the bell at least eighty rods from the crossing. The objection to these instructions is, that there was no evidence on which to base them. It is contended that not only was there no evidence tending to prove that the bell was not ringing, but, on the other hand, the evidence showed conclusively, without any conflict, that the bell was ringing for more than a mile from the place of the accident. The evidence on the part of the defendant was that the bell was rung automatically, and was ringing for more than a mile before reaching the crossing. All the witnesses agreed that the whistle was blown when it became apparent that plaintiff was going upon the crossing and there was likely to be a collision. Several witnesses for the plaintiff testified that they did not hear the bell, but none of them knew definitely whether it was ringing or not. It is urged that this evidence was too unsubstantial as the basis of an instruction, because one witness said he was hard of hearing and another had his cap pulled down over his ears, and none of them were paying any attention to the question whether the bell was ringing or not. The evidence was admissible on the question whether the bell was rung or not, and it is not error to give an instruction based on the hypothesis that a fact exists, although the court may be of the opinion that the evidence is very slight or that the great weight of the evidence disproves the existence of the fact. The court

cannot exercise its judgment as to the weight of the evidence in giving or refusing instructions. We do not think it was error to submit the issues to the jury or to give the instructions complained of.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*