## Charles H. Fisher v. Chicago City Railway Company.

### Gen. No. 11,299.

1. STREET CROSSING—*rights and obligations of street car company and cab driver at.* The rights of a cab driver and of a street car company at a street crossing are the same; neither has the right to use it to the exclusion of the other. It is the duty of a cab driver in approaching and in crossing the street car tracks at such a point to use reasonable diligence to avoid collision with a street car; and, in turn, it is the duty of the motorman to keep a lookout for persons and vehicles coming towards the tracks in front of his moving car, and in case any one goes or drives upon such tracks at such a point, it is his duty to exert himself to slow the speed of his car or to stop it, so that, if possible, an accident may be avoided.

2. STREET CROSSING—*degree of care required of motorman at.* A motorman is bound to use a greater degree of care in approaching a street crossing than he is required to use at many other points along his route.

3. NEGLIGENCE PER SE—*what is not.* It is not negligence *per se* for a cab driver to attempt to cross the tracks of a street railway company ahead of an approaching street car.

4. MOTION FOR NEW TRIAL—*what sufficient exception to overruling of.* Where the record reads as follows: "But the court upon hearing the argument of counsel on the 2nd day of May, 1902, overruled the motion for a new trial, and entered judgment upon the verdict against the plaintiff for costs. To the overruling of which said motion for a new trial, and to the entry of said judgment, plaintiff then and there duly excepted," it shows a sufficient exception to the overruling of a motion for a new trial.

5. BILL OF EXCEPTIONS—*when, need not state that it contains all the evidence.* Such a statement is not essential, when it otherwise reasonably appears that the court has before it all the testimony upon which the judgment of the trial court is founded.

Action on the case for personal injuries. Error to the Circuit Court of Cook County; the Hon. F. A. SMITH, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed May 26, 1904.

Statement by the Court. The plaintiff in error brought an action against the defendant in error to recover damages he suffered in an accident occasioned, as he alleges, by the negligence of the railway company.

The plaintiff was driving a cab south on Ellis avenue at

the intersection of Sixty-first street, in the city of Chicago, at about 10:45 P. M. of February 2, 1901. It was snowing, and the night was dark. The defendant at that date ran and operated a double street car line along and in Sixty-first street, an east and west highway. The driver's seat was at the rear of the cab and about five feet from the ground, so that he could see over the top of the cab. The side lights of the cab were burning. These lights can be seen from the sides as well as from the front. The plaintiff had been driving in and about the city for about fifteen years. On this occasion he was taking a passenger from the North Side to Sixty-seventh street on the South Side. When he reached Sixty-first street and came within five to eight feet of the tracks he stopped the horse and looked for cars. There was no car in sight to the west, but there was one coming from the east, then about 150 feet away from him. He could not tell with certainty whether the car was in motion or was standing still, but he thought it was moving. He then started to cross the tracks in front of the car, but the cab was struck and overturned by the car and plaintiff was thrown to the ground, whereby his right leg was broken.

Mr. Schrimp, who was on the sidewalk, "did not hear any bell."

Mrs. Albro, the passenger in the cab, "heard no sound or bell or warning of any sort."

The plaintiff "heard no sound or bell or warning of any sort before I was struck."

F. Hamlin, a boy in company with Mr. Schrimp, says: "The car was coming pretty fast, and it was running at the same speed when it struck the cab."

Mrs. Albro testifies that when the car was within a few feet of the cab "it was going very fast."

The plaintiff declares that "just the moment before it struck, it (the car) was going pretty lively."

Mrs. Hamlin, also with Mr. Schrimp, says, "We saw the car coming fast."

At the conclusion of the plaintiff's case the court, upon

the motion of the defendant, instructed the jury to find the defendant not guilty. They did so, and the court entered judgment upon the verdict against the plaintiff for costs. From that judgment this writ of error was sued out.

GEMMILL & FOELL, for plaintiff in error.

WILLIAM J. HYNES, JAMES W. DUNCAN and WATSON J. FERRY, for defendants in error; MASON B. STARRING, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

The rights of the plaintiff and of the defendant at that street crossing were the same. Neither had the right to use it to the exclusion of the other.

It was the duty of the plaintiff in approaching and in crossing the street car tracks to use reasonable care to avoid a collision with the car.

It was the duty of the motorman to keep a lookout for persons and vehicles coming towards the track in front of his moving car; and in case any one should go or drive upon such tracks, it is his duty to exert himself to slow the speed of his car or to stop his car, so that, if possible, an accident may be avoided. The motorman is bound to use a greater degree of care in approaching a street crossing than he is required to use at many other points in his route. These propositions have been decided many times by this court and by our Supreme Court. Some questions must be regarded as settled; courts will not go on forever discussing well-established principles. From the multitude of cases holding the law to be as is above set forth we cite : Chicago General Ry. v. Carroll, 91 Ill. App. 356; C. C. Ry. v. Wall, 93 Ill. App. 411; C. C. Ry. v. Martensen, 100 Ill. App. 306; Smith v. C. C. Ry. Co., 107 Ill. App. 177; C. C. Ry. v. Tuohy, 196 Ill. 410; C. C. Ry. v. Sandusky, 198 Ill. 400; C. C. Ry. Co. v. Fennimore, 199 Ill. 9, and N. C. S Ry. v. Irwin, 202 Ill. 345.

Attempting to cross the track of a street railway ahead of an approaching car is not negligence *per se*. It may or

may not be prudent to so do. The circumstances of each case determine that question. Whether or not the plaintiff was in the exercise of reasonable care for his personal safety, and whether or not the defendant was guilty of negligence at the time and place of this accident, are questions of fact, there being evidence in the record upon each of these points. Under proper instructions the determination of these issues should be left where the law places it, with the triers of fact, the jury. Chicago City Ry. Co. v. Sandusky, 198 Ill. 400.

This writ of error brings up but two questions: first, whether the court properly held as matter of law that the plaintiff failed to exercise ordinary care for his personal safety; and, second, whether the evidence tended to show that the servants of the defendant in charge of the car were guilty of negligence in the premises. There is evidence tending to show that it was at night and the snow was falling when plaintiff came into Sixty-first street from Ellis avenue; that he stopped his horse within a few feet from the track and looked for approaching cars; that he saw no car to the west, but saw a car about 150 feet to the east of where his horse stood; that he could not certainly determine, but he thought this car was moving. He then started to cross the track. Before he had cleared it the car struck the hind part of the near wheel, overturning the cab and throwing plaintiff to the ground. There is evidence tending to show that no warning was given by the motorman of the approach of the car before it struck the cab; and that not only was the speed of the car excessive when it was approaching this crossing, but that such speed was not diminished until about the time of the collision; and that the side lights of the cab could have been seen from the car when the cab came upon the tracks. The evidence is such that the court was not justified in deciding as a matter of law that the plaintiff did not act with reasonable care for his own safety, or that said servants of the defendant, after they saw or should have seen there was danger of a collision, exercised due care to prevent the accident. Chicago

City Ry. Co. v. Sandusky, *supra;* C. & A. Ry. Co. v. Pulliam, 208 Ill. 456.

The first and second objections made to the record are obviated by amendments allowed and made before the case was taken. The third objection is that no exception is preserved to the overruling of the motion for a new trial. In this particular the record reads:

" But the court upon hearing the argument of counsel on the 2nd day of May, 1902, overruled the motion for a new trial, and entered judgment upon the verdict against the plaintiff for costs. To the overruling of which said motion for a new trial, and to the entry of said judgment, plaintiff then and there duly excepted."

If a motion for a new trial was necessary in this case, where the court instructed the jury to find the defendant not guilty (a point we do not decide, but see Guyer v. Ry. Co., 196 Ill. 377), there is here an exception to the overruling of the motion for a new trial, and also an exception to the entry of the judgment. The cases cited by the defendant are not in point. The record in this regard is sufficient.

To the objection that the bill of exceptions does not state that it contains all the evidence given and heard on the trial of the cause, the reply is that such a statement is not essential when it otherwise reasonably appears, as it does in this record, that the court has before it all the testimony upon which the judgment of the trial court is founded. Mullin v. Johnson, 98 Ill. App. 621; Walker v. Carroll, 65 Ala. 61.

The judgment of the Circuit Court is reversed and the cause is remanded.

*Reversed and remanded.*