## Chicago City Railway Company v. Jacob Kastrzewa.

### Gen. No. 13,813.

1. NEGLIGENCE—*when motorman approaching street intersection guilty of.* It is negligence for a motorman to drive his car at a rapid rate of speed when within twenty-five feet of a busy street intersection.

2. NEGLIGENCE—*when motorman approaching street intersection guilty of.* It is negligence for a motorman to drive his car when approaching a busy street intersection without ringing his bell.

3. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside as against the weight of the evidence unless manifestly so.

4. INSTRUCTIONS—*effect of refusal of proper, in Municipal Court.* The refusal of a correct instruction in a trial had in the Municipal

Court is not ground for reversal if the jury were orally instructed fairly and fully with respect to the case.

5. INSTRUCTIONS—*what phrase need not be defined.*  The phrase "preponderance of the evidence" is significant and self-explanatory and need not be specially defined by instructions.

6. DEGREE OF CARE—*required at street intersections.*  It is incumbent upon those in control of a street car to exercise a greater degree of care and watchfulness at street intersections than at other places along its route.

Action in case for personal injuries.  Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding.  Heard in this court at the October term, 1907.  Affirmed.  Opinion filed April 30, 1908.

WILLIAM J. HYNES and E. C. HIGGINS, for plaintiff in error.

FRANK A. ROCKHOLD and FRANCIS X. BUSCH, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This action was brought by the plaintiff against the defendant to recover damages resulting from personal injuries sustained by an electrically propelled car negligently striking a wagon driven by plaintiff on the evening of January 14, 1907, at the intersection of Wentworth avenue and Thirty-third street, Chicago.

A trial in the Municipal Court with jury resulted in a verdict and judgment against defendant for $999.

Defendant sues out this writ of error, seeking a review of the record of the trial court, and a reversal of its judgment, and argues as reasons for reversal, on errors duly assigned, that the verdict is contrary to the evidence, and the refusal of the trial judge to give certain instructions to the jury requested by the defendant.

The first contention involves the weighing of the evidence and a determination of its probative force, the credibility of the several witnesses, and which of

them are entitled to the greater credence. These are primarily the burden of the jury to solve, and harmonize. As applied to the necessary elements to be established by the proofs, in order to sustain a recovery, they are twofold: First, that the plaintiff was at the time of the accident in the exercise of due care for his own safety; and, second, that the impact resulting in plaintiff's injuries was primarily caused by the actionable negligence of the defendant.

We have read all the evidence found in the record, a recapitulation of which we do not deem necessary, and are satisfied that it is amply sufficient to establish these dual elements, and also that the jury were justified therefrom in returning the verdict against the defendant, which they did.

That the car was being propelled at an excessive rate of speed, in approaching and crossing the street intersection, the scene of the collision, is clearly demonstrable from the evidence. The collision was the result of the motorman driving the car, not keeping the car in such control as the law requires at street intersections. While the speed at which the car was running might not be regarded as excessive between blocks, yet at a street crossing such speed, with its accompanying lack of ready control, to meet conditions naturally expected to be encountered at such a place, would be excessive, and consequently negligence when an accident ensues resulting from lack of control owing to such excessive speed. The intersection where the collision occurred was habitually frequented by many people and considerable vehicular traffic. It was what is commonly called a "busy corner." Of this fact defendant is chargeable with notice, and being so chargeable, the law requires it to operate its cars in such a way as to avoid, as far as possible, collisions with persons and vehicles passing along its path, in the exercise of reasonable and ordinary care. Approaching within twenty-five feet of such an intersection, at the high rate of speed proven by the evidence,

was negligence in defendant, and to such negligence the jury properly, we think, attributed the accident. Another act of negligence inferable from the proofs, is the failure to ring the bell on the car when approaching the street intersection at a high rate of speed. Regardless of the speed of the car, it was the duty of defendant, in approaching and crossing such an intersection with its car, at such a busy place, to sound the bell to warn pedestrians and drivers of its coming. Its failure in this regard is negligence. C. & A. R. R. v. Corson, 198 Ill. 98.

In Chicago City Ry. v. Touhy, 196 Ill. 410, the court say: "Where the motorman or gripman runs his car at such a rate of speed that he is prevented from keeping control of it so as to stop it within a reasonable distance upon an appearance of danger to others, the rate of speed at which he propels the car is to be deemed unreasonable or dangerous," and this court, in Chicago City Ry. v. Martensen, 100 Ill. App. 306, said: "This was at the street crossing where the appellant's motorman was bound to expect that persons and teams would be crossing, and where, in the opinion of the court, appellant was bound to have its car so under control as to be able to avoid running over or against persons or teams lawfully using the street, and not themselves guilty of any negligent act or omission contributing to the injury, and that it was not contributory negligence in appellee to rely upon the ability of the appellant to so manage and control its car as to avoid the collision, and the jury were justified in so finding."

In Chicago City Ry. v. Sandusky, 198 Ill. 400, it is held that whether or not negligence can be attributed to a person in driving in front of a moving car, is a question of fact for the jury under proper instructions. To a like effect is W. C. St. Ry. Co. v. Dedloff, 92 Ill. App. 547.

Not being able to say that the judgment is manifestly against the weight of the evidence, we are not permitted to interfere with it.

Defendant complains of the refusal of the trial judge to give to the jury certain instructions proffered for that purpose. The court did instruct the jury orally, and did not give the instructions offered by defendant. This is contrary to the practice and the law governing and controlling other *nisi prius* courts of this state. But the rules and practice governing the Municipal Court vary in many important particulars from those of other courts of record in this state, and where they are sanctioned by specific provisions of the Municipal Court Act, such provisions must govern to the exclusion of all other rules of practice and procedure. Wherever decisions of the Supreme Court seemingly conflict with the directions and provisions of the Municipal Court Act, they must be treated as being inapplicable and must yield to the latest legislative direction controlling this new adjunct to the judicial branch of our government, at least until such time as the Supreme Court may, if it ever does, hold to a contrary doctrine.

The trial judge in this case instructed the jury orally. In this he was proceeding in conformity to the discretion vested in him by section 37 of the Municipal Court Act. The instructions were confined to the law of the case. Section *supra* provides, "The court shall charge the jury as to the law only; the charge may, in the discretion of the court, be given orally or in writing."

The charge to the jury is found in the bill of exceptions. We have examined it with care, and are constrained to view it as a fair and impartial exposition of legal principles applicable to the case, sufficient to enable the jury to arrive, by its application of them to the proofs, to a correct solution of the controverted questions, and to determine fairly under the law the facts deducible from the evidence.

It is but fair to concede that many of the instructions tendered by defendant contain correct statements of the law germane to the controversy, but not

necessary under the new Municipal Court procedure to be given to the jury.

The first instruction criticised by defendant, in which the jury are charged that plaintiff is a competent witness in his own behalf, is because it lacks the qualifying conditions that the jury should take into consideration that he is the plaintiff and interested in the result of the suit, in weighing and giving credence to his testimony, is ill-founded, because the qualifying conditions clearly and plainly appear in another part of the judge's charge. The further objection that it was error to charge the jury that plaintiff was not required to make out his case beyond a reasonable doubt, but by a preponderance of the evidence, to entitle him to recover, has no force, since C. C. Ry. Co. v. Nelson, 215 Ill. 436, where an instruction similarly framed was approved. One of the averments of the bill of particulars, being plaintiff's pleading, was that he was in the exercise of due care and caution for his own safety, and a reference in the charge to the bill of particulars, and a direction that if the jury believed that the plaintiff established the allegations in his bill of particulars, etc., he was entitled to recover, was tantamount to a charge that plaintiff must sustain by proof, before he can recover, that he was in the exercise of due care and caution for his own safety at the time of the accident. C. C. Ry. Co. v. Carroll, 206 Ill. 318.

It is also urged that the trial court erred in not defining in his charge to the jury the meaning of the phrase ''preponderance of the evidence.'' We do not think this was necessary, as the word preponderance has a well defined and well understood meaning, and was not therefore calculated to mislead the jury. The well and generally understood meaning of preponderance is also its legal definition. There is no variation observable to us.

The court's charge is also said to be erroneous, in that it is stated ''that it is incumbent upon those in

control of a street car to exercise a greater degree of
care or watchfulness at street intersections than at
other places along the route." With this complaint
we are unable to agree. The law was correctly stated.
In C. C. Ry. Co. v. Fennimore, 199 Ill. 4, the court
quote from Booth on Street Railways, and say: "'A
greater degree of watchfulness is necessary at street
intersections, especially at crossings which are usually
thronged with vehicles and persons on foot, and at
curves in the street or route.' It is the doctrine of
this court that drivers, gripmen and motormen are
obliged to exercise a more exacting attention when
they approach street crossings in a crowded city,
where vehicles and pedestrians may always be ex-
pected in front of them."

In C. C. Ry. Co. v. Touhy, *supra,* the court say:
"It is incumbent on those in control of the street car
to exercise a greater degree of care and watchfulness
at street intersections than at other places along the
route."

The sentence in the charge so complained of is
couched in almost the exact language used on several
occasions by the Supreme Court. Many other cases·
announcing substantially the same doctrine might be
readily cited, but we content ourselves with the cita-
tions already made, and the further observation from
Fisher v. C. C. Ry., 114 Ill. App. 217: "This prop-
osition has been decided many times by this court and
the Supreme Court; some questions must be regarded
as settled; the courts will not go on forever discussing
well established principles."

We think the trial judge was justified in refusing
to give all the instructions proffered by defendant.
The Municipal Court Act vested him with a discretion
to follow one of two courses, viz.: to charge the jury
orally or in writing. He chose the former; such was
his statutory right. His charge is not open to any
serious objection, for reasons already assigned. But
were it otherwise we might say, as was said in Ryan

v. Donnelly, 71 Ill. 100, "Where it is apparent that substantial justice has been done, as it clearly has been in this case, and the jury could not reach any other result from the evidence, we will not reverse because the court may have refused instructions that might, with propriety, have been given."

We are not satisfied that the judgment is contrary to the law and the evidence, or resulted from substantial errors of the trial judge directly affecting the issues. It therefore becomes our duty to affirm the judgment of the Municipal Court and its judgment is affirmed accordingly.

*Affirmed.*