Rose Harrison et al., Administrators, Plaintiffs in Error, v. Chicago City Railway Company, Defendant in Error.

Gen. No. 17,355.

1. STREET RAILROADS—*instruction as to contributory negligence.* In an action for wrongful death of plaintiff's intestate caused from being struck by defendant's street car, an instruction as to what constitutes ordinary care, which is abstract in form and does not inform the jury that the duty of the deceased to exercise reasonable care for his own safety was not limited to the instant when he was injured but existed as well while he approached and attempted to cross the tracks, is properly refused.

2. STREET RAILROADS—*instruction as to duty of care proportionate with danger.* In an action for the wrongful death of plaintiff's intestate caused from being struck by a south-bound street car while attempting to cross behind one north-bound, it is proper to instruct the jury that it was the duty of deceased to exercise care for his own safety proportionate to the danger and with reference to the situation and position which he was about to take.

3. EVIDENCE—*when not substantial error to strike out proper testimony.* In a personal injury action, where the testimony of

a witness that he could have heard the bell on a street car if it had been rung is improperly stricken out, it is not a substantial error, the jury being as well qualified as the witness to determine whether or not he would have heard it.

Error to the Superior Court of Cook county; the Hon. Oscar E. Heard, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed April 9, 1913. Rehearing denied April 24, 1913.

Henry S. Wilcox, for plaintiffs in error; Charles C. Spencer and Jesse Wilcox, of counsel.

John E. Kehoe and Watson J. Ferry, for defendant in error; Leonard A. Busby, of counsel.

Mr. Justice Baume delivered the opinion of the court.

This was an action in case by plaintiffs in error against defendant in error to recover damages for wrongfully causing the death of John Harrison. A trial by jury in the Superior Court resulted in a verdict in favor of defendant in error and a judgment against plaintiffs in error for costs.

At about 6:30 o'clock, p. m., on February 9, 1908, Harrison, while attempting to cross Wabash avenue on the north crossing of 16th street and in the rear of a north-bound electric street car was struck and killed by a south-bound car operated by defendant in error. The declaration charges negligence generally in the management and operation of the south-bound car; negligence in failing to warn persons then and there about to cross Wabash avenue of the approach of said car; negligence in running said car at a high and dangerous rate of speed; negligence in failing to stop said car and in failing to provide proper and sufficient appliances for stopping the same.

The only assignments of error argued by plaintiffs in error relate to the action of the court in refusing, modifying and giving certain instructions, and in excluding certain evidence offered by plaintiffs in error.

The first instruction tendered by plaintiffs in error and refused by the court was purely abstract in form and was not improperly refused. We do not regard Chicago City Ry. Co v. Kastrzewa, 141 Ill. App. 10, as an authority approving the instruction in the form in which it was tendered in the instant case. In the Kastrzewa case the jury were instructed orally and for aught that appears in the reported opinion the portion of the instruction there quoted may have been concretely applied to the facts involved by other portions of the instruction given to the jury.

To have given the instruction which was modified by the court, without modification, would have merely involved a repetitious definition of what constitutes "ordinary care," and the court not improperly referred the jury to other given instructions defining such expression. Furthermore, the instruction, as tendered, was abstract in form and did not inform the jury that the duty of the deceased to exercise reasonable care for his own safety was not limited to the instant when he was injured, but existed as well while he approached and attempted to cross the tracks of defendant in error. The instruction, as tendered, differs materially from the instruction which was approved in Town of Normal v. Bright, 223 Ill. 99, cited by plaintiff in error. In the Bright case the injury to the plaintiff was occasioned by a defective street crossing, and the instruction there involved referred to the duty of the plaintiff to exercise due care and caution "in using the crossing in controversy."

The twentieth instruction given at the request of defendant in error is not wholly exempt from criticism, but, as applied to the facts disclosed by the evidence, the duty of the deceased, as there announced, to exercise care for his own safety proportionate to the danger, and with reference to the situation and position which he was about to take and in which he found himself, is not so improperly stated as to require a reversal of the judgment. While cars were being

operated upon the track there, and when the presence of a north-bound car necessarily obstructed the view of an approaching south-bound car, the crossing in question was obviously a place of danger. The deceased was familiar with the crossing, having had occasion to travel over it four or five times a day during the period of about three years. There is evidence tending to show, and the jury was warranted in finding, that, upon the occasion in question, the deceased was intoxicated; that when he passed in the rear of the north-bound car he looked to the north and saw an approaching south-bound car which he might have avoided by remaining stationary, and that in attempting to cross the south-bound track he slipped and fell backward so that his legs were thrown across the east rail of the south-bound track, where they were cut off by the wheels of the approaching south-bound car.

Objection to the other instructions given to the jury at the instance of defendant in error do not merit consideration. They contain nothing that could have misled the jury to the prejudice of plaintiff in error.

Robert Topp, a witness called by plaintiff in error, testified that at the time of the accident he was standing on the northwest corner of Wabash avenue and 16th street; that as the south-bound car came down he did not hear any bell or gong ring or sound; that his hearing was good; that he had stood examination twice for railroad service and had passed. He was then asked: "Well, if the bell had been rung on that car could you have heard it?" He replied in the affirmative, and on motion of counsel for defendant in error such reply was stricken out. The reply of the witness might with propriety have been permitted to stand, but in view of his statement that his hearing was good and the undisputed fact that he was standing about 25 or 30 feet from the place where the accident occurred, the jury were as well qualified as was the witness to determine whether or not he would have

heard the gong, if it had been sounded, and plaintiff in error was not harmed by the ruling.

There is no substantial error in the record which demands a reversal of the judgment, and the judgment is affirmed.

*Judgment affirmed.*