## Chicago City Railway Co. v. Hermina Loomis.

1. ORDINARY CARE—*Depends upon Conditions Which Demand its Exercise.*—What is ordinary care depends upon the conditions which demand its exercise. Conduct which at some crossings would be ordinary would not be such at others.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

**Statement.** — This is an action brought by appellee against appellant to recover damages for personal injuries alleged to have been sustained by her on the 16th day of November, 1894, by being struck by one of appellant's cable trains at or near the intersection of State and Van Buren streets in the city of Chicago.

The declaration consists of two counts. In the first the negligence of appellant is charged to have consisted in running its train over the crossing without ringing a gong or giving any warning of its approach, and that while appellee was walking westerly on the south side of Van Buren street and its intersection with State in the exercise of due care for her safety she was struck by the train. The second count alleges that appellee was prevented from crossing the tracks by reason of a blockade, which then occurred,

and her view of the track was obstructed, and that so soon as the blockade was cleared, she, with all due care and caution, attempted to cross the track, and the appellant, without giving any warning and without exercising any care to prevent running on appellee, who was in plain view of the gripman who was operating the car, appellee having crossed one rail of the line going west, the train struck her, etc.

State street is a north and south thoroughfare of the city and is intersected at right angles at the point of the alleged accident by Van Buren street.

Appellant owned and operated a double track cable railway on State street, the east track being used for trains running north, and the west track for those bound south.

There was a verdict for $1,000 and judgment thereon for plaintiff.

WM. J. HYNES and WATSON J. FERRY, attorneys for appellant; MASON B. STARRING, of counsel.

JOHN F. WATERS, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

As we read, the preponderance of the evidence is that the gripman, so soon as he saw appellee, did all that he could to stop the train; that she, having been delayed by a large wagon and by it and other teams prevented from seeing appellant's cars, immediately, upon the way being clear, stepped, with others, upon the track in front of the southbound train, then about six feet away; that she was alarmed, confused, and tried to go back, was struck by the grip car, knocked down and pushed along the street some ten feet; that an automatically sounding bell on the car was ringing all the while as well as the gong; that at this crossing there are double railroad tracks upon each street and elevated tracks overhead; that it is a place where there is a great deal of passing and necessarily much noise and appellee did not hear the bells of the car nor notice it until she was directly before it.

The following questions were propounded to the jury :

1st.  Could the plaintiff, by the exercise of any ordinary care for her own safety, have avoided the accident in question ?

2d.  Was there a bell on the grip car in question ringing at the time or immediately before the plaintiff stepped on the south-bound track, and while the train was crossing Van Buren street, before the accident?

3d.  Did the gripman exercise ordinary care to stop his train after he knew, or by the exercise of ordinary care he could have known, that the plaintiff was in danger of being hit by his car?

To the second of these the jury answered " Yes," to the first and third the jury answered " No."

The first and third are vital and cover the questions of negligence involved in this suit.  The first and substantially the third were asked at the instance of appellant. These answers, elicited by appellant, add to the force of the general verdict as they show that the jury specially considered the subject involved in these interrogatories.

This court is in effect asked to say that at such a crossing as that of State and Van Buren streets, it is not negligence for a motorman to disregard the probability that pedestrians delayed by wagons, may come close after them upon the track, and to move his car at such speed that it can not be stopped in six feet.  We are also asked to say that at such a crossing a footman should, despite the noise and confusion of his surroundings, perceive car signals and take note of the approach of cable trains, whatever intervenes.

All persons are bound to exercise ordinary care for their own safety and that of others.  What is ordinary care depends upon the conditions which demand its use.  Conduct which at some crossings would be ordinary care would not be at others.

If it be the case that the practical operation of a street car is such that it can not be moved in the most crowded thoroughfares so that it can be stopped in six feet, the evidence in the present case does not disclose this condition.

There is some testimony to the effect that the train by which this accident was caused could not be brought to a halt in less than sixteen feet; but none that at no practical speed its movement could not be arrested within a less distance, and none whatever as to within what distance at a practical speed an isolated car can be brought to a stand. Nor is there in this cause any sufficient evidence warranting us in setting aside the verdict of the jury that the plaintiff, in attempting to cross the street as she did, was exercising ordinary care.

Upon the record to us presented we do not feel that we can say that the verdict was so contrary to the preponderance of the evidence that the judgment must be set aside.

It is therefore affirmed.