SARAH L. HENRY, Admx., Appellee, vs. THE CLEVELAND,
CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COM-
PANY, Appellant.

*Opinion filed October 26, 1908.*

1. RAILROADS—*the failure to look before going on track is not
negligence per se.* Whether the failure of a person to look and
listen before driving on a railroad track at a street crossing is
contributory negligence is a question of fact for the jury, where
the evidence shows that the view was obstructed, that another
team had just been driven over the track without apparent danger,
and where it is admitted that the defendant violated the city ordi-
nances by not having a flagman at the crossing and in running at
a high rate of speed, and the evidence is conflicting as to whether
the bell or whistle was sounded.

2. SAME—*a party may assume that railroad company will per-
form duties enjoined by law.* A person traveling upon the streets
of a city may assume, in approaching a railroad crossing, that the
railroad company will perform the duties enjoined by law, such as
sounding the engine bell or whistle, or, where required by ordi-
nance, that it will have a flagman at the crossing to give warning
of the approach of trains.

APPEAL from the Appellate Court for the Third Dis-
trict;—heard in that court on appeal from the Circuit Court
of Coles county; the Hon. M. W. THOMPSON, Judge, pre-
siding.

GEORGE B. GILLESPIE, (L. J. HACKNEY, HAMLIN, GIL-
LESPIE & FITZGERALD, and H. A. NEAL, of counsel,) for
appellant. ·

C. C. LEE, and E. C. & J. W. CRAIG, JR., for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the ap-
pellee, Sarah L. Henry, as administratrix of the estate of
Thomas N. Henry, deceased, against appellant, the Cleve-
land, Cincinnati, Chicago and St. Louis Railway Company,

in the circuit court of Coles county, to recover damages for the death of her intestate, alleged to have been caused in a street crossing collision at Sixth street, in the city of Charleston, through the negligence of the appellant. The declaration contained four counts. The first count charged negligence in general terms; the second, in a failure to ring a bell or sound a whistle; the third, in running at a high and prohibited rate of speed; and the fourth, in a failure to maintain a flagman at the street crossing where the accident occurred. The general issue was filed, and a trial resulted in a verdict and judgment in favor of appellee for the sum of $1999, which judgment has been affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

The evidence fairly tended to establish the following facts: On the afternoon of June 13, 1906, Thomas N. Henry, who was an insurance solicitor and was of the age of sixty-nine years, was driving north upon Sixth street, in the city of Charleston, in a buggy drawn by one horse. Sixth street runs north and south and is intersected almost at right angles by the appellant's railroad tracks. Upon the east side of Sixth street, and adjoining appellant's right of way, is situated a building one hundred and four feet deep, with a frontage of eighty-four feet upon Sixth street. Just before Henry reached appellant's right of way, a two-horse team driven by William Fleming passed him and drove across appellant's tracks on Sixth street. Henry apparently neither looked nor listened before driving upon said right of way. Just as he reached the main track he discovered, a few rods away, a passenger train approaching from the east at a rate of speed far in excess of the speed limit provided by the city ordinances of the city of Charleston. He then attempted to turn his horse to the left to avoid the approaching train, but was unable to get off the track with the horse and buggy in time to avoid the train. The horse was ruined, the buggy was wrecked and Henry was thrown

out upon the ground or adjoining side-tracks, and died that evening from the effect of injuries which he received at the time of the collision.

It is not denied by the appellant that it was running its train, at the time of the accident, at a prohibited rate of speed, or that it failed to have a flagman at the intersection of its right of way with Sixth street, in accordance with the ordinance of the city of Charleston, and the evidence was conflicting as to whether the statutory signals of ringing a bell or sounding a whistle were given. It cannot, therefore, be denied but the appellant was guilty of the negligence charged in the second, third and fourth counts of the declaration.

It is, however, urged that the appellee's intestate was guilty of such contributory negligence at the time he was injured as to bar a recovery. It is not the law of this State that the omission of a person to look and listen as he approaches a railroad crossing will bar a right of recovery in case of a collision resulting in injury, if the circumstances surrounding the accident are such as will excuse the person injured from a failure to look and listen, (*Chicago and Alton Railroad Co.* v. *Pearson,* 184 Ill. 386,) and the question whether the deceased in this case was guilty of negligence in failing to look and listen, we think, under the circumstances of this case, was a question of fact to be determined by the jury. (*Chicago and Northwestern Railway Co.* v. *Hansen,* 166 Ill. 623; *Chicago and Alton Railroad Co.* v. *Lewandowski,* 190 id. 301; *Chicago and Alton Railroad Co.* v. *Corson,* 198 id. 98; *Illinois Southern Railway Co.* v. *Hamill,* 226 id. 88.) The statute required the appellant to ring a bell or sound a whistle as it approached said crossing, and the ordinances of the city of Charleston required it not to run its trains in the city at a higher rate of speed than ten miles per hour and to maintain a flagman at the intersection of its right of way with said Sixth street. The appellant violated all of said requirements for the safe op-

eration of its road. The view of appellee's intestate as he approached the appellant's right of way was partially obstructed. A party with a two-horse team, who had just passed him, drove across the right of way of the appellant without apparent danger, and no warning was given said intestate of the approaching train. It cannot be said, we think, therefore, as a matter of law, that he was guilty of such contributory negligence in driving upon the appellant's track as to defeat a right of recovery, or that he acted, after he found himself upon the track, in such a negligent manner as to bar a right of recovery.

In *Chicago and Northwestern Railway Co.* v. *Dunleavy,* 129 Ill. 132, on page 148, this court said: "The question then presents itself whether, if it be admitted that the deceased neither looked nor listened for the train, and also that if he had looked he could have seen it, and if he had listened with his attention concentrated in that direction he could have heard it in time to avoid the accident, such facts would constitute such conclusive proof of contributory negligence on the part of deceased as would have barred a recovery. Undoubtedly a failure to look or listen, especially where it affirmatively appears that looking or listening might have enabled the party exposed to injury to see the train and thus avoid being injured, is evidence tending to show negligence. But they are not conclusive evidence, so that a charge of negligence can be predicated upon them as a matter of law. There may be various modifying circumstances excusing the party from looking or listening, and that being the case, a mere failure to look or listen cannot, as a legal conclusion, be pronounced negligence *per se."*

The appellee's decedent had the right to assume that the appellant would obey the law and give him warning of the approaching train by proper signals or by having a flagman at the crossing to notify him of its approach. In *Chicago City Railway Co.* v. *Fennimore,* 199 Ill. 9, on page 17, it

was said: "Anticipation of negligence in others is not a duty which the law imposes. On the contrary, it is a presumption of law that every person will perform the duty enjoined by law or imposed by contract. Where, for instance, the traveler knows that the law requires a railroad company to ring a bell or sound a whistle, he has a right to rely upon the performance of such duty by the company.—2 Jaggard on Torts, p. 970; Shearman & Redfield on Negligence, sec. 92; *Chicago, Burlington and Quincy Railroad Co.* v. *Gunderson,* 174 Ill. 495; *St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Dunn,* 78 id. 197; *Thomas* v. *Railway Co.* 8 Fed. Rep. 732."

In view of all of these facts, and of the high rate of speed at which the train was approaching the crossing, we are of the opinion the trial court did not err in declining to take the case from the jury, upon the motion of appellant, at the close of all the evidence.

It is also contended that the court misdirected the jury as to the law on behalf of the appellee and erred in refusing to give to the jury certain instructions offered upon behalf of the appellant. We have carefully examined the instructions given and refused. The issues were simple and there was but little conflict in the evidence, and a number of instructions were given for each of the parties. The instructions given, 'when considered as a series, fully and fairly stated the law to the jury. We are of the opinion, therefore, the trial court committed no reversible error in instructing the jury.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*