## Julia Stack, Administratrix, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.

1. CONTRIBUTORY NEGLIGENCE—*how question as to whether person was guilty of, in approaching crossing, determined.* Where the view of a person approaching a railroad or street car track on a public crossing is obstructed, due care on the part of the person so situated is a question of fact for the jury.

2. CONTRIBUTORY NEGLIGENCE—*how proof of exercise of ordinary care may be made.* Ordinary care may be proven by showing the circumstances and surroundings of the party injured, at the time of the injury. In connection with the other circumstances surrounding the accident, the natural instinct prompting to the preservation of life and the avoidance of injury, and consequent suffering and pain, may also enter into the consideration of the jury in determining the question of due care of the person who has lost his life as a result of the accident. A failure to look and listen or to do any other particular act cannot be said to be negligence as a matter of law, since there may be many circumstances excusing such failure. Such person had a right to assume that the railroad company causing the injury would do its duty by having its car under control and by giving the usual signals when passing another car unloading passengers. Anticipation of negligence in others is not a duty which the law imposes.

3. NEGLIGENCE—*degree of care required at street crossings.* A person in charge of a street car must exercise a greater degree of care and watchfulness at street crossings than at other places along the route, and should notice whether the track is clear as they approach and sound the gong in warning. When a car approaches another from which passengers are alighting, it is the duty of the

servant in charge of the approaching car to give warning of its approach.

4. PLEADING—*when declaration states good cause of action after verdict.* The failure of a declaration to charge notice of a defect is waived by the defendant pleading to the merits. A declaration so defective is good after verdict.

5. INSTRUCTIONS—*when properly refused.* An instruction abstract in form, not based on any evidence in the cause, which assumes the facts stated therein and which if given would have justified the jury in considering it in the nature of a rebuke by the court to the plaintiff's contentions, is properly refused.

Action in case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed February 11, 1910.

**Statement by the Court.** This is an appeal by the East St. Louis & Suburban Railway Company from a judgment of the City Court of East St. Louis for the sum of $5,000 recovered by Julia Stack, administratrix of the estate of John Stack, deceased, appellee, in an action on the case for damages for personal injuries alleged to have been caused through the negligence of appellant, resulting in the death of appellee's intestate. At the time of his death the said John Stack was twenty-seven years old, in good health and was earning $65 per month as policeman of East St. Louis, which went to the support of himself and his family. He left surviving him his widow and two infant sons.

Appellant is operating a double-track electric suburban railway between the cities of Belleville and East St. Louis. The tracks of this line are constructed on the St. Clair county turnpike, which in East St. Louis is known as State street, and extend in an easterly and westerly direction. The west bound cars run on the northerly track and the east bound cars on the southerly track. State street at the place where the deceased was killed is crossed at right angles by Sixteenth Street, also a public street of East St. Louis running north and south. Officer Stack's beat was

in the easterly part of the city, extending about twenty-six blocks east of Sixteenth street. At this time he was on duty at night and until 7 o'clock A. M. On May 11, 1907, at about 7 A. M., he got on one of appellant's large interurban cars in the easterly part of the city and rode westerly down to Sixteenth street. As this car crossed the west line of Sixteenth street, it stopped to let off, and take on, passengers. Officer Stack got off this car on the north side about the time the car stopped, walked around behind it, and started to cross the east bound track in a southerly direction to the patrol box on the southwest corner of State and Sixteenth streets, to report in to headquarters. Immediately on stepping from behind the car from which he had alighted, he was struck by the corner of an east bound car of appellant just as he was stepping over the north rail of the east bound track. He was knocked down upon the fender of the car; but the fender broke and doubled back over him under the car where he was dragged easterly across Sixteenth street, crushed and killed.

At the close of all the evidence the court denied appellant's motion for peremptory instructions. The declaration charges appellant with negligence in failing to ring a bell or gong while approaching the place of the injury, in exceeding the speed limit of ten miles an hour fixed by the city ordinance, and in failing to keep in reasonably safe repair its fender on said car. It is insisted here by appellant (1) the trial court erred in refusing appellant's peremptory instructions; (2) the court erred in passing on instructions; (3) the court erred in overruling appellant's motion for a new trial and in entering judgment.

SCHAEFER, FARMER & KRUGER, for appellant.

M. V. JOYCE and D. J. SULLIVAN, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

In arguing that the court should have directed a verdict appellant insists that there is no evidence in the record tending to show that the deceased was in the exercise of ordinary care for his own safety at and just prior to his injury. This contention is based upon the claim that the deceased did not stop, listen or look to the west before going upon the track upon which he was killed, and upon the fact that had he so stopped, listened or looked before going on the track he could have seen the car and would have avoided the injury. The distance between the two cars while they were passing each other is proven to be not more than twenty-two inches. The car on which the deceased rode was standing at the west crossing as he passed around the east end of it, and entirely obstructed his view westward until he came to the north line of this narrow space between the cars. Where the view of a person approaching a railroad or street car track on a public crossing is obstructed, due care upon the part of the person so situated is a question of fact for the jury. Wallen v. N. Chicago St. R. R. Co., 82 Ill. App. 106; Chicago City Ry. Co. v. Robinson, 127 Ill. 11; C. B. & Q. R. R. Co. v. Gunderson, 174 Ill. 498; West Chicago St. R. R. Co. v McCallum, 169 Ill. 240; Dukeman v. C. C. C. & St. L. R. R. Co., 237 Ill. 107.

Ordinary care may be proven by showing the circumstances and the surroundings of the party injured, at the time of the injury. In connection with the other circumstances surrounding the accident, the natural instinct prompting to the preservation of life and the avoidance of injury, and consequent suffering and pain, may also enter into the consideration of the jury in determining the question of due care of the deceased. A failure to look and listen or to do any other particular act cannot be said to be negligence

as a matter of law, since there may be many circumstances excusing such failure. The deceased had a right to assume that the company would do its duty by having its car under control and by giving the usual signals when passing another car unloading passengers. Anticipation of negligence in others is not a duty which the law imposes. Dukeman v. C. C. C. & St. L. R. R. Co., 237 Ill. 107; St. L., P. & N. Ry. Co. v. Rawley, 106 Ill. App. 554; Chicago City Ry. Co. v. Fennimore, 199 Ill. 17; C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 148; Donelson v. East St. L. Ry. Co., 235 Ill. 626; Henry v. C. C. C. & St. L. Ry. Co., 236 Ill. 219.

It is also insisted as a further ground of appellant's motion to direct a verdict that the manifest weight of the evidence proves that the defendant is not guilty of the negligence charged in any count of its declaration. Sixteenth street is shown by the evidence to be fifty or sixty feet wide between the property lines. The evidence further shows that the west bound car of appellant was stopped or about stopped on the west side of this street when the deceased got off of it on the north side; that he immediately turned and walked around the east end of the car southerly toward the south track and was close behind the west bound car when he reached the narrow space between the two cars. The evidence of the motorman on the east bound car corroborates this evidence by saying that the deceased was within two or three feet of the east bound car when he came from behind the other car, and that he was immediately struck and knocked down by the east bound car. The deceased then was evidently not far from the west crossing of Sixteenth street when he was struck. It is clearly proved that the deceased was then dragged under the car across and near the east line of the street by the car, and was found to be about six or eight feet west of the front end of the car close to the wheels, and that the front end of the car was only stopped from ten to twenty-five feet east of the east line of this street. The jury were war-

ranted in finding from these facts that the deceased was dragged under the car forty to sixty feet as appellee claims and that the car ran some eight or ten feet farther after the motorman had done all that he could to stop the car by instantly reversing the power and applying the air to the brake-tire. The undisputed evidence in this record is that a car running eighteen to twenty miles an hour can be stopped within sixty feet. Considering the further fact that this car was dragging and crushing the body of the deceased, weighing about 225 pounds, while traveling this distance, we think the jury clearly warranted in believing that these facts corroborated plaintiff's witnesses and in finding the defendant guilty of violating the speed ordinance. We also think that the questions of due care on the part of the deceased and the negligence of the defendant in failing to ring a bell as it passed the standing car, were properly submitted to the jury as one of fact, and we are satisfied with their finding thereon. James Woolfolk, a witness for the defendant, stated that the motorman on the east bound car stopped ringing his bell when he got to the front end of the standing car. As these cars were about fifty or sixty feet long, if this witness is correct in this statement, the bell was not ringing at the critical time that the deceased was approaching this track; and if it had been so ringing and this car had been under proper control, as the motorman states it was, the deceased could have heard the bell, and in our judgment, would not have been injured. To fail to ring a bell within sixty feet of him was practically equivalent to a total failure, so far as his safety was concerned. After he had passed south of the standing car he apparently did see the car that struck him and threw up his hands, but the car was so close onto him and its speed so great that he was evidently unable to avoid it. Persons in charge of a street car must exercise a greater degree of care and watchfulness at street crossings than at other places along the route, and should notice whether the

track is clear as they approach and sound the gong in warning. . When a car approaches another from which passengers are alighting, it is the duty of the servant in charge of the approaching car to give warn-. ing of its approach. Chicago City Ry. Co. v. Jennings, 157 Ill. 274; Chicago City Ry. Co. v. Jordan, 215 Ill. 393; Chicago City Ry. Co. v. Tuohy, 196 Ill. 410; West Chicago Street R. R. Co. v. Staltenberg, 62 Ill. App. 422; Chicago City Ry. Co. v. Robinson, 127 Ill. 12.

It is said that the additional count in the declaration does not state a cause of action because it fails to aver knowledge on the part of the defendant of the defective fender; and, that the negligence if proved, was not a proximate cause of the injury. Admitting all this to be true, it could not affect the case materially, as the other two counts and the proofs were ample to sustain the verdict. We think, however, that this count sufficiently states a good cause of action after verdict and that the objection that it did not charge notice of the defect was waived by the defendant pleading to the merits. Ide v. Fratcher, 194 Ill. 552.

We do not think the court erred in giving instruction No. 1 for the plaintiff, or in refusing to give appellant's first refused instruction. The substance of plaintiff's No. 1 was approved by the Supreme Court in a similar instruction in Chicago City Ry. Co. v. O'Donnell, 208 Ill. on page 275. The expression in appellant's first refused instruction, "the motorman of a street car is not compelled to stop his car, or constantly creep along for fear or in anticipation that some person may possibly throw himself in front of or under his car," etc., condemns it as vicious for many reasons too obvious for lengthy discussion. Such an instruction could in no way aid the jury in reaching a correct, unbiased verdict. It is an abstract proposition not based on any evidence in the case and assumes every fact stated in it, and, if it had been given, the jury would have been warranted in considering

it in the nature of a rebuke by the court to the appellee's contentions. Appellant's second refused instruction is a substantial copy of the one found in the case of Scanlan v. Chicago U. T. Co., 127 Ill. App. page 411, is entirely applicable to this case, and is a good instruction, and ought to have been given to the jury instead of appellant's twelfth given instruction found on page 147 of the abstract. This latter instruction states the same doctrine in much stronger language for the defendant, and when read in connection with defendant's given instruction No 1, and with all the other instructions given on the subject of ordinary care, seven in all, we are unable to see wherein the defendant was prejudiced by the refusal of said instruction.

The judgment of the lower court is affirmed.

*Affirmed.*