**John F. Devine, Administrator, Appellee, v. Chicago City Railway Company, Appellant.**

### Gen. No. 14,923.

1. NEGLIGENCE—*how question of exercise of care by motorman at street crossings determined.* What is ordinary care depends upon conditions which demand its use. Conduct which at some crossings and under certain circumstances would be ordinary care, would not be at others. The question is one to be determined by the jury from all the facts and circumstances in evidence.

2. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

3. VERDICTS—*when excessive in action for death caused by alleged wrongful act.* A verdict for $3,500, *held*, excessive in view of the fact that a recovery could only be predicated upon the pecuniary loss of the next of kin of the plaintiff's intestate.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the Octo-

ber term, 1908. Affirmed on *remittitur*. Opinion filed March 18, 1910.

**Statement by the Court.** The administrator of Laura Degenkalb brought this action for the benefit of her next of kin to recover damages for her death, which, it is alleged, was the result of being struck by and thrown under one of appellant's electric street railway cars near the intersection of Wentworth avenue and Thirty-third street, in the city of Chicago, in the afternoon of February 8, 1906.

Appellant owns and operates a double track street railway in Wentworth avenue, a north and south street. Cars running north pass over the easterly and those going in the opposite direction over the westerly tracks.

The declaration consists of four counts. The first count, after setting out the ownership of appellant of the railway tracks on Wentworth avenue and the operation of street cars over them, and that those tracks intersect Thirty-third street, avers that on February 8, 1906, the plaintiff's intestate was endeavoring, in the exercise of due care, to travel upon and "over said Thirty-third street, upon, over and across the defendant's tracks and right of way on Wentworth avenue; that defendant so carelessly and negligently operated and propelled a certain car upon and over said Wentworth avenue, near, about, upon and over said Thirty-third street crossing in a southerly direction, that by and through the said negligence of the defendant in the operation of said car, said car was caused to and did collide with the plaintiff's said intestate with great force and violence, whereby she was then and there instantly killed."

No evidence was offered under the second count, and it is therefore not necessary to state the averments thereof.

The negligence averred in the third count is that the defendant had caused a north-bound car to come to a

stop at the Thirty-third street crossing, thereby obstructing the view of plaintiff's intestate of the south-bound car, which was driven at a rapid rate of speed near to and by the north-bound car so standing, without giving any signal of its approach while she was endeavoring to walk upon and over defendant's tracks at the Thirty-third street crossing, and that by reason thereof the south-bound car struck and killed her.

The negligence averred in the fourth count is that the motorman in charge of the car was unskilled and incompetent, and the defendant had knowledge of this, and because of the incompetency and inefficiency of said servant the car was driven at a rapid rate of speed, without being under his control, and by reason of such negligence it collided with and killed plaintiff's intestate.

The declaration also avers that the deceased left surviving her, as her only heirs and next of kin, her father, mother and certain brothers and sisters, naming them, and the appointment of the plaintiff as administrator of her estate.

The record shows that the Webster public school was located at the time of the accident on the southeast corner of Wentworth avenue and Thirty-third street. On the northwest corner of those streets was a saloon, and next north of that with a passageway between them, was a candy or toy shop.

The deceased at the time of her death had just passed her sixth year. Her family resided at 3011 Wentworth avenue on the east side of the street, and nearly three blocks north of Thirty-third street. She had entered the Webster school three days before her death. It appears that the afternoon session of the school closed at 3:15, and that the little girl, shortly after that hour, walked from the school house north on the east side of Wentworth avenue. After crossing Thirty-third street she stopped, but as to how far

north of Thirty-third street she was when she stopped the witnesses differ.

There was displayed in the windows of the candy store on the west side of Wentworth avenue a quantity of valentines, and from the testimony it is inferable that the little girl's intention was to cross the street for the purpose of looking at the valentines.

At the time she stopped north of Thirty-third street there was a north-bound car of appellant's standing at the northeast corner of the streets to allow a passenger to alight. The little girl waited until this car had started and passed her, and then started to cross Wentworth avenue, passing in the rear of the north-bound car, and as she stepped upon the south-bound track a car from the north struck her.

The jury returned a verdict in favor of plaintiff, assessing damages at $5,000, and a judgment was entered thereon.

JOHN E. KEHOE and WATSON J. FERRY, for appellant; JOHN R. HARRINGTON, of counsel.

SIMON KRUSE and THOMAS J. PEDEN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The main grounds relied upon by appellant for a reversal of the judgment are that the verdict is not sustained by the evidence, and that the verdict is against the manifest weight of the evidence. These questions may be considered together.

There is a serious conflict in the evidence as to whether the accident occurred at the north crossing of Thirty-third street, or thirty or forty feet north of the crossing; as to the speed at which the south-bound car was running just before the accident, whether four or five miles an hour as claimed by the appellant or twelve miles an hour as claimed by the plaintiff's witnesses; as to whether or not the gong of the south-

bound car was sounded or not, and whether the motorman used every effort to avoid striking the deceased after she appeared from behind the north-bound car.

Without stating the evidence of each witness, we think a preponderance of the evidence shows that the little girl attempted to cross Wentworth avenue thirty or forty feet north of the Thirty-third street crossing, and that the north-bound car while standing at the northeast corner of the streets and starting up after discharging its passenger attracted her attention and interfered with her vision so that she did not notice or see the car which struck her until she was on its track, and that she then sought to avoid it by running in a southwesterly direction; that the speed of the car as it approached Thirty-third street was too great for the car to be under full control by the motorman, as it should have been at that point under the existing circumstances. The evidence shows, we think, that the motorman, after the deceased appeared from the rear end of the other car, was unable, because of the speed at which his car was running and the condition of the rails, to stop the car before it struck the deceased, although he made every effort to do so, and that he was sounding his gong. The jury, we think, were warranted by a preponderance of the evidence in concluding that the accident happened because of the negligence of the defendant in running its car at too great a speed as it approached Thirty-third street just as a north-bound car was leaving that point; and that by reason of the speed of the car the motorman did not have it under full control, so as to be able to stop it in time to avoid striking persons who might step out from behind the north-bound car in an attempt to cross the street.

On the evidence, which is conflicting on practically all the material points in the case, the question of defendant's negligence is a close one. The negligence of the defendant was in running its car, at that place and under the conditions existing, at an excessive rate of

speed, and that was a question for the jury. What is ordinary care depends upon conditions which demand its use. Conduct which at some crossings and under certain circumstances would be ordinary care, would not be at others. C. C. R. R. Co. v. Loomis, 102 Ill. App. 326; C. C. ·R. R. Co. v. Roach, 76 Ill. App. 496 (affirmed in 180 Ill. 174); C. C. R. R. Co. v. Robinson, 127 Ill. 9; W. C. St. Ry. Co. v. Stoltenberg, 62 Ill. App. 420; C. C. R. R. Co. v. Tuohy, 196 Ill. 410.

Unless it appears to us that the verdict is manifestly and palpably against the weight of the evidence we cannot set it aside. Upon a careful examination of the evidence in this case, we are not convinced that the verdict is manifestly against the weight of the evidence. Chicago City Ry. Co. v. Sandusky, 198 Ill. 400; W. C. St. R. Co. v. Nilson, 70 Ill. App. 171.

Plaintiff's witness Samuel Frazin testified that after the little girl was struck the motorman applied the brakes. Thereupon plaintiff's counsel asked him: "Q. Just describe how he did that? A. He seemed to be excited." Defendant's counsel moved to strike out the answer, and the court overruled the motion. We think the answer was not responsive to the question, and should have been stricken· from the record. But the jury could not have given much weight to the statement of the boy, and we do not regard the action of the court as material error.

In our opinion the verdict and judgment is excessive. If we were permitted to consider any thing beyond the bare pecuniary loss to the next of kin we would not say that the verdict was excessive. But, "our statute confines the amount which may be recovered to the pecuniary injury sustained by the next of kin, and that injury is nothing more than a deprivation of a reasonable expectation of pecuniary advantage which would have resulted by a continuance of the life of the deceased." Graham v. Consolidated Traction Co., 62 N. J. 91. We cannot by any reasonable calculation, even though a most liberal basis be

adopted, conclude that the actual pecuniary loss to the parents or next of kin exceeded $3,500. If the plaintiff shall within ten days remit the judgment to $3,500 it will be affirmed for that amount. If the plaintiff does not so remit, the judgment will be reversed and the case remanded.

*Affirmed on remittitur.*

March 22, 1910, *remittitur* filed and judgment affirmed for $3,500.