# William Anderson, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

## Gen. No. 16,600.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

2. EVIDENCE—*what competent in personal injury action.* In an action for personal injuries suffered by a boy it is competent to show his condition of health prior to the accident, his intelligence and experience.

3. APPEALS AND ERRORS—*when admission of erroneous evidence will not reverse.* The admission of improper evidence will not reverse if the evidence admitted was not such as would be calculated to influence the jury.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the HON. MCKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 23, 1912.

W. D. BARTHOLOMEW and CHARLES J. GOULD, for plaintiff in error.

LARAMIE & LEVY, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

The Chicago City Railway Company, defendant below, seeks by this writ of error to reverse a judgment

rendered against it in the Municipal Court for $400 for so negligently operating one of its street cars as to run into William Anderson, a boy ten years old, resulting in a broken leg.

The errors assigned are, that the verdict is against the weight of the evidence, that the boy was guilty of contributory negligence, and that the court erred in permitting the boy's mother to testify that his "habits were good" before the accident and that he had never before been injured by defendant's cars.

The evidence tended to prove that on October 14, 1909, at eight o'clock in the evening, the boy Anderson started to cross Archer avenue, (on which the defendant operates a double-track street car line) at the intersection of Paulina street. He was going south. A west-bound car was passing at the time, and was "slowing down" to let off passengers at the west side of Paulina street. The boy waited until the car passed him and then walked across the tracks behind the car and stepped directly in front of another car coming towards him on the south or eastbound track. He was struck by the front of the latter car and thrown to the ground. The car was stopped quickly and the boy was taken from under the car between the fender and the forward trucks. The night was dark, and the boy testified that he heard no bell and had no warning of the approaching car. Just before the accident, a police officer stepped off the rear end of the west-bound car as it was slowing down at Paulina street and turned south behind that car to cross the street. He testified that he looked for an east-bound car, but did not see or hear one coming, that just then he saw "somebody shooting across the rear end of the car." and then he saw the other car coming, but did not see it hit the boy and did not notice whether it had given any signal nor if there was a light on the front of the car, but did notice that the inside of the car was lighted. The motorman of the east-bound car testified that

he first saw the west-bound car a block away; that he was then going about seven miles an hour; that as he approached Paulina street and was about a car length (45 feet) from the west-bound car he "slowed down and rang his bell  *  *  *  shut off the power and applied the brakes a little bit;" that his car met the other car "a little bit east or a little bit west of the middle of the street;" that is, about the center of the Paulina street intersection; that when he arrived at a point ten feet from the rear end of the west-bound car, "a boy ran straight towards my car and the car struck him and broke his leg." The conductor of the east-bound car did not see the accident, but said his attention was attracted by the "loud ringing of the gong and sudden stop." A passenger standing on the front platform of the car which struck the boy, testified that he saw the boy running from behind the west-bound car when the east-bound car was about ten feet away from him. "Just before that, the motorman slowed down his speed. When the motorman saw the boy, he stopped all of a sudden. The car ran about fifteen feet after the boy was struck." These were the only witnesses to the accident.

In this state of the proof, we cannot say that the verdict is manifestly against the weight of the evidence, nor that the boy was guilty of contributory negligence as a matter of law. The language of Mr. Justice Ball in the case of Fisher v. Chicago City Railway Co., 114 Ill. App. 217, is applicable, we think, to the facts in this case:

"The rights of the plaintiff and of the defendant at that street crossing were the same. Neither had the right to use it to the exclusion of the other. It was the duty of the plaintiff in approaching and in crossing the street car tracks to use reasonable care to avoid a collision with the car. It was the duty of the motorman to keep a lookout for persons and vehicles coming towards the track in front of his moving car; and in case

anyone should go or drive upon such tracks, it is his duty to exert himself to slow the speed of his car, or to stop his car, so that, if possible, an accident may be avoided. The motorman is bound to use a greater degree of care in approaching a street crossing than he is required to use at many other points in his route. These propositions have been decided many times by this court and by our Supreme Court.   *   *   *

"Attempting to cross the track of a street railway ahead of an approaching car is not negligence *per se*. It may or may not be prudent to so do. The circumstances of each case determine that question. Whether or not the plaintiff was in the exercise of reasonable care for his personal safety, and whether or not the defendant was guilty of negligence at the time and place of this accident, are questions of fact, there being evidence in the record upon each of these points. Under proper instructions the determination of these issues should be left where the law places it, with the triers of facts, the jury. Chicago City Ry. Co. v. Sandusky, 198 Ill. 400."

To the same effect, in principle, are Chicago City Ry. Co. v. Tuohy, 196 Ill. 410, and Stack v. East St. Louis & Sub. Ry. Co., 152 Ill. App. 613, affirmed in 245 Ill. 308.

In West Chicago Street R. R. Co. v. Stoltenberg, 62 Ill. App. 420, a truck was going east on Ohio street across the Milwaukee avenue street car tracks. A train of cable cars came up the avenue from the southeast close to the passing truck. Just as the truck cleared the street car tracks, a boy nine years old, who was north of the truck, stepped from behind it on the car tracks directly in front of the moving cable car on the street crossing and was run over and killed. The court held that whether the grip man was guilty of negligence, in not so controlling the movement of his train that it would not run over a person who might step from behind a wagon on the crossing, was a question for the jury, and that the question of due care

on the boy's part must be answered "not from the standpoint of the care to be expected from an adult, but by that which is to be looked for in boys of the age and experience of the deceased."

As to the alleged errors in the admission of evidence, it was competent for the plaintiff to show the boy's condition of health prior to the accident and his intelligence and experience; and while the form of the two questions objected to was improper, the substance of the answers was such that we do not think the error in permitting the witness to answer was of such a character and so injurious to the defendant, as to require a reversal of the judgment under the circumstances shown in this case. No intelligent jury would attach much weight to a statement by a boy's mother that his "habits were good," and as used in this case the statement had very little meaning. Moreover, the jury was instructed that the plaintiff must prove by a preponderance of the evidence that he was in the exercise of such care and caution for his own safety as a boy of his age and capacity would exercise under the same or like circumstances; and as this omitted the element of the boy's experience, we think the plaintiff in error has no good reason to complain.

For the reasons indicated, the judgment of the Municipal Court will be affirmed.

*Judgment affirmed.*