## Martin Bendik, Defendant in Error, v. Pennsylvania Company, Plaintiff in Error.

### Gen. No. 17,692.

1. MASTER AND SERVANT—*railroads.* Where plaintiff, an employe in the yards of defendant railway company, is struck by an engine the question whether plaintiff assumed the risk and the question whether he exercised ordinary care are for the jury.

2. MASTER AND SERVANT—*city ordinance.* In a personal injury action where there is evidence that plaintiff's injury resulted from the neglect of defendant in starting an engine without giving any signal it is proper in an instruction to the jury to set out an ordinance which requires the bell of each locomotive running in the city to be rung continuously.

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed June 30, 1913.

LOESCH, SCOFIELD & LOESCH, for plaintiff in error.

R. WILSON MORE and FRED B. HOVEY, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action in the Municipal Court to recover damages for personal injuries alleged to have been sustained by plaintiff Bendik through the negligence of the defendant railroad company, plaintiff had a verdict for $825 damages and from a judgment thereon the defendant prosecutes this writ of error.

In the 14th street yard of the defendant are a large

number of north and south tracks. There is a coal hoist just east of track 17 and also a tramway track on which small cars loaded with coal are run to the hoist and then hoisted and the coal dumped into the tenders of engines standing on track 17. Just west of track 17 are hydrants. Plaintiff in the discharge of his duty attached a section of hose to one of these hydrants and intended to run it under the rails and between the ties of track 17 to the tramway and then, by the use of the hose, wet the coal in cars standing on the tramway. Plaintiff had worked in the yards two or three months. Hose was frequently used to wet coal in tramway cars and was always attached to the same hydrant and passed under track 17 at the same place. When plaintiff went onto track 17 to run the hose under that track there was an engine on track 17 at the coal hoist about 30 feet south of him, and another engine on the same track from 5 to 15 feet north of him, with the tender towards him. While plaintiff was standing between the rails of the track, with his back to the north, the engine at the hoist proceeded south and the engineer of the other engine proceeded to back his engine south, intending to run it to the coal hoist. He had run only a few feet when it ran over the plaintiff's foot and knocked him down, inflicting the injuries for which he sued. From the evidence the jury might properly find that the engine which injured plaintiff was started and run without ringing a bell or giving any other signal or warning, and also that the custom was to ring the bell before the engine started up. We think that from all the evidence the jury might properly find that the defendant, in starting the engine without giving any signal or warning, was guilty of negligence which caused the injury to plaintiff. We also think that on the evidence the question whether the risk or danger of being injured in the manner in which he was injured, and the question whether he was in the exercise of ordinary

care for his own safety, were questions of fact for the jury, on which their finding should not be disturbed. *Chicago City Ry. Co. v. Fennimore,* 199 Ill. 9; *Lake Shore & M. S. Ry. Co. v. Enright,* 227 Ill. 403; *Henry v. Cleveland, C., C. & St. L. Ry. Co.,* 236 Ill. 219; *City of LaSalle v. Kostka,* 190 Ill. 130; *Slack v. Harris,* 200 Ill. 96; *Klofski v. Railroad Supply Co.,* 235 Ill. 146.

The court instructed the jury as follows: "The court instructs the jury, as a matter of law, that at the time of the accident in question there was in force in the City of Chicago an ordinance of said City as follows:

" 'The bell of each locomotive engine shall be rung continuously while running within said city, except of locomotives while running upon the railroad tracks situated east of Indiana avenue on the shore of Lake Michigan, between 22nd street and Park Row, in said city, and except locomotives while running upon those portions of railroad tracks which have been elevated. In the case of both of these exceptions no bell shall be rung or whistle blown except as signals of danger.' "

Section 54 of the Municipal Court Act provides that the court shall take judicial notice of ordinances of the city of Chicago. We think that the court properly gave the instruction, thereby advising the jury of the existence of such ordinance and making it possible to make the ordinance a part of the record by the bill of exceptions. We think the record is free from error and the judgment is affirmed.

*Affirmed.*