## Ferd F. Althoff, Appellant, v. Illinois Central Railroad Company, Appellee.

1. RAILROADS—*admissibility of photograph of scene of accident where conditions changed.* Photographs of the scene of an accident at a railroad crossing taken seven months after the accident are inadmissible, where the evidence shows that at the time of the accident the trees were in full leaf and growing corn obstructed a view of the crossing and that at the time of the photographs the leaves had fallen and the corn had been removed.

2. WITNESSES—*employment by party as affecting credibility.* It is proper to instruct the jury that the testimony of witnesses in the employ of either party to the suit is to be governed by the same rules of evidence applicable to other witnesses.

3. RAILROADS—*admissibility of evidence as to obstruction of view.* Evidence that buildings, growing corn and other obstructions to a view of the crossing and track existed near such crossing is admissible for the purpose of determining whether or not an automobile traveler was exercising due care in driving upon such crossing at the time of the accident, and it is error to instruct the jury to disregard such evidence on the ground that the railroad company is not responsible for such obstructions if they existed outside of the right of way.

4. RAILROADS—*duty to look and listen before crossing tracks.* It is erroneous to instruct the jury, in legal effect, that it was negligence *per se* for the driver of an automobile to drive the same upon a railroad crossing without first looking and listening for the approach of trains, the question of such person's neglect under the circumstances being one of fact.

5. RAILROADS—*exercise of care by traveler crossing tracks as question of fact.* In an action for damages to an automobile resulting from a collision between it and defendant's train at a cross-

ing, it is a question for the jury as to whether or not the driver of the damaged car was in the exercise of due care just prior to and at the time of the accident, where the evidence is conflicting as to whether or not the view of the tracks was obstructed to within fifteen or twenty feet of the track or was clear for a distance of several hundred feet.

6. RAILROADS—*giving of statutory signal at crossing as question of fact.* In an action against a railroad for damages to an automobile in a crossing accident, it is a question for the jury as to whether or not the railroad was negligent in operating its train where the evidence is conflicting as to whether or not a bell was rung or a whistle sounded as required by statute on the approach of the train to the crossing at the time of the accident.

Appeal by plaintiff from the Circuit Court of Effingham county; the Hon. THOMAS E. FORD, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded. Opinion filed March 24, 1922. Rehearing denied and opinion modified and refiled October 11, 1922.

PAUL TAYLOR, for appellant.

PARKER & BAUER, for appellee; JOHN G. DRENNAN, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action on the case brought by appellant against appellee to recover for damages to appellant's automobile, alleged to have been the proximate result of negligence on the part of appellee railroad company, was tried in the circuit court of Effingham county, resulting in a verdict in favor of appellee. Judgment was rendered thereon in bar of action and for costs. To reverse said judgment appellant prosecutes this appeal.

The declaration consists of four counts: The first count charges general negligence in the operation of appellee's train, etc. The second count charges failure to ring a bell or sound a whistle in compliance with the statute. The third count charges that appellee permitted its right of way to become obstructed near the crossing in question with growing corn, trees and

buildings and the fourth count charges that appellee constructed the approach to its crossing at a grade of more than five per cent in violation of the statute. To said declaration a plea of the general issue was filed.

At the railroad crossing in question the public road runs east and west across the tracks of appellee, which tracks run in a northeasterly and southwesterly direction at this point. The right of way is about 200 feet wide and there are two tracks near the center. About 300 feet east from the railroad another public road comes from the south and intersects with the road running east and west across appellee's tracks. About a quarter of a mile north, the tracks of appellee run into a deep cut between high banks, curving back to the west. On August 31, 1920, Harry Althoff, a brother and employee of appellant, was driving appellant's automobile, in the course of his employment, on the public road from the south running north to the road running east and west and then turned west towards said crossing. The record discloses that he was driving said car at a slow rate of speed and that he had crossed the east track and was nearly over the west track when the train of appellee coming from the north struck the rear of the automobile and caused the damage for which this suit was brought.

It is first contended by appellant for a reversal of said judgment that the court erred in admitting certain photographs that were offered in evidence by appellee. These photographs were taken some seven months after the accident. The contention of counsel for appellant being that the photographs having been taken at a different season of the year from that in which the accident occurred, the conditions were so changed by reason of the leaves being off of the trees, and the growing corn having been removed, that the photographs would have a tendency to mislead rather than assist the jury with reference to the surroundings that existed at the time of the accident. We are

inclined to the opinion that this point is well taken and that the court erred in admitting said photographs. *Chicago & E. I. R. Co. v. Crose*, 214 Ill. 602-609; *Cleveland, C., C. & St. L. Ry. Co. v. Monaghan*, 140 Ill. 474-483; *Lips v. Chicago City Ry. Co.*, 209 Ill. App. 332-340.

In *Cleveland, C., C. & St. L. Ry. Co. v. Monaghan*, *supra*, the court at page 483 says: "The pictures taken were not of the situation as it existed on day of the accident, but as it was two months after the injury. At the latter date other box cars had been placed on the track and the leaves had fallen from the trees."

In *Lips v. Chicago City Ry. Co.*, *supra*, the court at page 340 says: "The admission of a photograph of a slightly varied physical situation might seriously endanger the rightful effect of all the truthful testimony in the case; being necessarily *ex post facto* evidence, it should be rigidly exact."

It is next contended by appellant that the court erred in refusing one of the instructions offered on his behalf. We have examined this instruction and are of the opinion that no serious error was committed by the court in refusing the same. We are of the opinion that so far as this instruction stated correct principles of law it was in practical effect covered by other instructions given on his behalf.

It is next contended by appellant that the court erred in giving the sixth, seventh, eighth, tenth and eleventh instructions given on behalf of appellee. The sixth instruction is to the effect that the testimony of "the witnesses * * * in the employ of either plaintiff or defendant * * * is to be governed by the same rule of evidence applicable to other witnesses." We see no objection to this instruction and hold that the court did not err in giving the same, as we think it states a correct principle of law.

The seventh instruction given on behalf of appellee is as follows: "The court instructs the jury that the defendant is not responsible for any building or corn or other obstruction that may have existed on land outside of the defendant's right of way, and you should not take into consideration any evidence that may have been given regarding the said obstructions, if you believe any evidence was so given, in arriving at your verdict." The giving of this instruction on the part of the court was error for the reason that it does not state a correct principle of law. While the railroad company was not responsible for the buildings or corn or other obstructions that might be situated on land outside of its right of way, at the same time it would be proper for the court to admit evidence of such obstructions where they were located at or near the right of way and where they would tend to obstruct the view of appellee's track, to be considered by the jury along with the other evidence in the case in determining whether or not prior to and at the time of the injury in question appellant's driver was in the exercise of due care for the safety of appellant's automobile.

Instructions number eight and eleven given on behalf of appellee are as follows:

8. "The court instructs the jury that the law is that as a general rule it is negligence for a person to cross or attempt to cross a railroad crossing without looking in every direction that the tracks run in order to ascertain if possible if there is any danger in going over the crossing."

11. "The court instructs the jury that it is the duty of one before crossing a railroad track to look and listen for approaching locomotive or train, and if you believe from the evidence that if the driver of the automobile in question had looked or listened that he could have learned of the locomotive in time to have avoided the accident, then the plaintiff is guilty of contributory negligence and you should find for the defendant."

These instructions were erroneous for the reason they practically tell the jury it was the duty of the driver of appellant's automobile to look and listen for the approach of trains and that it was negligence *per se* not to do so. This is not the law. *Henry v. Cleveland, C., C. & St. L. Ry. Co.,* 236 Ill. 219-221; *Chicago & N. W. Ry. Co. v. Dunleavy,* 129 Ill. 132-148; *Pennsylvania Co. v. Frana,* 112 Ill. 398-404; *Chicago & E. I. Ry. Co. v. Schmitz,* 211 Ill. 446-452.

In the latter case the court at page 452 in quoting from *Chicago & A. R. Co. v. Pearson,* 184 Ill. 386, said: " 'It is not a rule of law that the omission of the duty to look and listen will bar a recovery where there are facts excusing the performance of that duty, * * * and it is the settled rule of this court that it cannot be said, as a matter of law, that a person is in fault in failing to look and listen if misled without his fault, or where the surroundings may excuse such failure.' And it is a question for the jury to determine whether, in view of all the surroundings, the injured party is guilty of negligence in failing to look and listen, or whether he is relieved by the circumstances from the duty to look and listen. *Chicago & A. R. Co. v. Pearson, supra; Chicago City Ry. Co. v. Fennimore,* 199 Ill. 9; *Chicago City Ry. Co. v. Barker,* 209 Ill. 321."

Instruction number ten given for appellee is argumentative in its character and misleading and should not have been given.

It is insisted by counsel for appellee that, without reference to the rulings of the court on evidence and without reference to the giving of the instructions, the evidence in the record conclusively shows that the driver of appellant's automobile was not in the exercise of due care for the safety of appellant's automobile and that therefore the judgment should be affirmed.

The evidence on the part of appellant tends to show

that on the north side of the highway running east and
west across appellee's tracks, and on the premises ad-
joining said right of way on the east, there was grow-
ing corn, trees, buildings, etc., which obstructed the
view of appellee's tracks to such an extent that a per-
son traveling west on said highway could not see north
on said tracks for any considerable distance until
within about fifteen or twenty feet of said east track.
Appellant's evidence also tends to show that on the
south of said highway there were obstructions that
would hinder anyone seeing an approaching train
from the south until near said east track, while the
evidence on the part of appellee is to the effect that
there were no obstructions near appellant's tracks
that would hinder or obstruct the view of a traveler
going west on said highway, after he had come within
two or three hundred feet of said tracks. We hold that
the evidence is of such a character it is a question for
the jury to determine as to whether or not the driver
of appellant's car was in the exercise of due care for
the safety of said car just prior to and at the time of
the accident.

The evidence was conflicting as to whether or not a
bell was rung or a whistle sounded, as provided by
statute, on the approach of appellee's train to the
crossing in question at the time of the accident. It
was therefore a question of fact for the jury as to
whether or not appellee was negligent in the opera-
tion of its train.

For the errors in admitting the photographs above
referred to and for the giving of the seventh, eighth,
tenth and eleventh instructions on the part of appel-
lee, the judgment of the trial court will be reversed
and the cause will be remanded.

*Reversed and remanded.*